**The STATE of Ohio, Appellee,**

v.

**LOGAN, Appellant.**

[Cite as *State v. Logan* (1991), 71 Ohio App.3d 292.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1309.

Decided June 25, 1991.

*Lee I. Fisher,* Attorney General, and *Robert F. Smith,* for appellee.

*Randall M. Dana,* Ohio Public Defender, and *Kris H. Walker,* for appellant.

---

PEGGY BRYANT, Judge.

Defendant-appellant, James Logan ("defendant"), appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of aggravated robbery in violation of R.C. 2911.01, with a firearm specification, and breaking and entering in violation of R.C. 2911.13.

A chronological recitation of the facts is necessary in order to resolve defendant's first, second and third assignments of error asserting speedy trial violations. On January 2, 1990, defendant was indicted by the Franklin County Grand Jury. Defendant was served with the arrest warrant on January 16, 1990 at the London Correctional Institution, where he was serving a prison sentence for a prior unrelated conviction. On that day, defendant completed and signed a form entitled "Notice Of Untried Indictment, Information Of Complaint And Of Right To Request Disposition," indicating his desire for a disposition of the untried indictment within one hundred eighty days pursuant to R.C. 2941.401. Apparently, neither the clerk of courts nor the prosecuting attorney received defendant's request. On January 23, 1990, defendant was arraigned in Franklin County, counsel was appointed and trial was set for March 26, 1990.

On the scheduled trial date, defendant's court-appointed counsel requested a continuance for the purpose of trial preparation; the case was continued until September 10, 1990, and defense counsel executed a waiver of defendant's speedy trial rights. After learning that his initial request under R.C. 2941.401 had not been entered upon the court docket, defendant, on May 29, 1990, again requested an early disposition, which both the clerk and the prosecuting attorney received.

On June 7, 1990, a second indictment, identical to the first, was filed in Hocking County; and on June 19, 1990, defendant waived arraignment in Hocking County but expressly refused to waive speedy trial rights. On July 2, 1990, an order of *nolle prosequi* was entered on the Franklin County indictment; and on July 18, 1990, on the court's motion for a change of venue, the Hocking County indictment was transferred to Franklin County. Apparently, defense counsel withdrew his representation of defendant sometime between the filing of the Hocking County indictment and the entry of *nolle prosequi* on the Franklin County indictment.

A Franklin County trial date of September 10, 1990 was set for the Hocking County indictment, but defendant was not appointed new counsel in Franklin

County until the day of trial. On the scheduled trial date, the court and counsel agreed that a continuance for trial preparation was necessary. In addition, on the scheduled trial date, defendant filed a *pro se* motion to dismiss the indictment for failure to bring him to trial within the required statutory period. The trial was continued until October 22, 1990 for the stated purpose of allowing defense counsel time for trial preparation and to allow the court and the prosecution time to address defendant's motion.

On the new trial date, the court overruled defendant's motion to dismiss. Defendant withdrew his plea of not guilty and entered a plea of no contest on two of the six counts in the indictment. Defendant was found guilty and appeals therefrom, assigning the following errors:

"1. The trial court erred by denying appellant's motion to dismiss the indictment with prejudice pursuant to R.C. 2941.401 when the state failed to try appellant within 180 days of appellant's demand for a speedy trial of the untried indictment.

"2. The trial court erred by denying appellant's motion to dismiss the indictment with prejudice pursuant to R.C. 2945.71 where the state failed to try appellant within 270 days of the return of the indictment.

"3. The trial court erred in failing to provide appellant a speedy trial as guaranteed by the Sixth Amendment to the U.S. Constitution.

"4. The trial court erred by crediting appellant with no jail time credit for incarceration prior to sentencing in violation of R.C. 2967.191.

"5. The trial court erred in allowing defendant to plead no contest to charges when the trial court was without jurisdiction."

In his first assignment of error, defendant contends that the trial court erred in denying his motion to dismiss the indictment for failure to bring him to trial within one hundred eighty days of his demand for final disposition pursuant to R.C. 2941.401. R.C. 2941.401 provides in pertinent part:

"Request for trial on pending charges by a prisoner. When a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter[.]  * * *"

R.C. 2941.401 further provides:

"The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested."

█ The one-hundred-eighty-day period set forth in R.C. 2941.401, within which a criminal defendant imprisoned on another charge must be tried, does not commence until a defendant files notice of his request for disposition of the untried indictment. See *State v. Turner* (1982), 4 Ohio App.3d 305, 4 OBR 556, 448 N.E.2d 516. Defendant contends that the one-hundred-eighty-day period commenced on January 16, 1990, the date on which he completed and delivered to an agent of the warden a form entitled "Notice Of Untried Indictment, Information Of Complaint And Of Right To Request Disposition."

In *State v. Ferguson* (1987), 41 Ohio App.3d 306, 535 N.E.2d 708, this court interpreted virtually identical provisions of the "Interstate Agreement on Detainers" embodied in R.C. 2963.30 and held at 311, 535 N.E.2d at 713:

" * * * [T]here is first a burden on the defendant to substantially comply with the IAD request requirements by doing everything that could reasonably be expected. Once the defendant fulfills this burden, however, the burden is then placed upon the states to cooperate and bring the accused to trial within one hundred eighty days."

In so holding, we concluded that failure of prison authorities to forward defendant's request thereunder to the appropriate parties should not vitiate an inmate's rights once requested. *Id.* The rationale underlying the *Ferguson* holding would seem to apply to a case arising under the speedy trial provisions of R.C. 2941.401.

However, even if we deem defendant to have properly asserted his rights on January 16 despite the clerk's and prosecuting attorney's failure to receive defendant's notice, and even if we assume defendant substantially complied with all other requirements of R.C. 2941.401 despite defendant's failure to sign his notice, we nonetheless find that, for the reasons set forth below, defendant's rights under R.C. 2941.401 were not violated.

█ In demonstrating that two hundred seventy-nine days elapsed after delivery of his notice to the warden on January 16, 1990 until his scheduled trial on October 22, 1990, defendant established his prima facie case for discharge under R.C. 2941.401; and the prosecution bears the burden of proving that intervening events extended or tolled the period. See *State v. Butcher* (1986), 27 Ohio St.3d 28, 27 OBR 445, 500 N.E.2d 1368; *State v. Bowman* (1987), 41 Ohio App.3d 318, 535 N.E.2d 730; *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328.

The state concedes that the Hocking County indictment and the entry of *nolle prosequi* on the Franklin County indictment do not suspend or begin anew the one-hundred-eighty-day period under R.C. 2941.401. See *State v. Bunyan* (1988), 51 Ohio App.3d 190, 555 N.E.2d 980; *State v. Stephens* (1977), 52 Ohio App.2d 361, 6 O.O.3d 404, 370 N.E.2d 759. Nevertheless, the state argues that the one-hundred-eighty-day period was tolled on September 10, 1990, when the case was continued from the September 10 trial date to give newly appointed defense counsel an opportunity to prepare for trial.

Under R.C. 2941.401, the one-hundred-eighty-day period may be extended for the period of any necessary and reasonable continuances. Nonetheless, relying on the rationale of *Columbus v. Bonner* (1981), 2 Ohio App.3d 34, 2 OBR 37, 440 N.E.2d 606, wherein we held that a delay permitted for trial preparation would not be attributed to the accused when the trial court fails to appoint counsel until the day of trial, defendant contends that the continuance was not reasonable since he was not appointed counsel until the day of trial.

■ However, the continuance herein was also necessitated by defendant's motion to dismiss. In *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 10 OBR 352, 461 N.E.2d 892, the Supreme Court held that defendant's motion to dismiss the indictment acts to toll the statutory time period since it represents a period of delay initiated by the accused. See, also, *Bunyan, supra.* Applying *Bickerstaff* herein, defendant's motion to dismiss the indictment filed on September 10, 1990 tolled the one-hundred-eighty-day period through the date of trial on October 22, 1990. Consequently, that period of forty-two days must be deducted from the two hundred seventy-nine days which elapsed from delivery of defendant's notice under R.C. 2941.401 to the date of his trial.

■ In addition, the record reveals that defendant waived his speedy trial rights by agreeing to a continuance for the purpose of trial preparation from March 26, 1990 until September 10, 1990. Defendant responds, however, that the waiver has no effect on his speedy trial rights, as his court-appointed counsel waived his rights without his knowledge or consent.

Any doubt as to the effectiveness of defense counsel's waiver of speedy trial rights was settled by *State v. McBreen* (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, 376 N.E.2d 593, wherein the Supreme Court held in the syllabus:

"A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent."

The *McBreen* rule applies to cases arising under the analogous provisions of R.C. 2941.401. *State v. Rodano* (Apr. 14, 1988), Cuyahoga App. No. 53804,

unreported, 1988 WL 37955. Moreover, this court in *State v. Taylor* (Sept. 17, 1985), Franklin App. No. 84AP–1172, unreported, 1985 WL 10164, applied *McBreen* to hold that defense counsel's execution of a waiver of speedy trial rights upon an entry of continuance for the purpose of trial preparation was effective even though it was granted against the expressed wishes of the accused. *Id.* at 5.

Applying the foregoing authority requires the same result herein. Although prior to the scheduled March 26, 1990 trial date defendant asserted his statutory right to speedy trial, the waiver executed on March 26, 1990 tolled the one-hundred-eighty-day provisions of R.C. 2941.401. The trial court found that the waiver executed on March 26, 1990, was effective through June 7, 1990, the date on which defendant was reindicted on identical charges in Hocking County, a ruling supported by the syllabus of *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025:

"When an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver."

Nevertheless, even if we deem defendant's waiver valid only through May 29, 1990, the date on which defendant submitted his second written request for final disposition, sixty-four days elapsed pursuant to defense counsel's waiver of defendant's speedy trial rights. Combining those sixty-four days with the forty-two-day period attributable to defendant's motion to dismiss, and subtracting those from the two hundred seventy-nine days commencing with defendant's notice under R.C. 2941.401 to his trial date of October 22, 1990, defendant was still brought to trial within one hundred eighty days as required by R.C. 2941.401.

Accordingly, defendant's first assignment of error is overruled.

In his second assignment of error, defendant contends that the trial court erred by denying his motion to dismiss the indictment due to the state's failure to bring him to trial within two hundred seventy days of the return of the indictment. R.C. 2945.71 provides in part:

"(C) A person against whom a charge of felony is pending:

" * * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest."

Under the language of R.C. 2945.71, the two-hundred-seventy-day period begins to run from the date of arrest. In the instant case, defendant was served with an arrest warrant on January 16, 1990. However, two hundred

seventy days specified in R.C. 2945.71 can be extended under R.C. 2945.72, which provides:

"Extension of time for hearing or trial. The time within which an accused must be brought to trial, * * * may be extended only by the following: " * * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"

■ As discussed under defendant's first assignment of error, the two-hundred-seventy-day period was tolled on September 10, 1990, the date defendant filed his motion to dismiss. See *Bickerstaff, supra; Bunyan, supra.* Similarly, under the provision of R.C. 2945.72(H), the two-hundred-seventy-day period was suspended during the period attributable to defendant's waiver of speedy trial on March 26, 1990. Hence, even if we were to commence the time period with the date of defendant's indictment, not his arrest, defendant was brought to trial within two hundred seventy days as required by R.C. 2945.71. Defendant's second assignment of error is overruled.

In his third assignment of error, defendant contends that the trial court erred in violating his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. Defendant submits that the circumstances surrounding the two-hundred-ninety-four-day delay between his original indictment and his trial unfairly prejudiced his ability to prepare an adequate defense.

■ In *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, the Supreme Court stated that statutory and constitutional speedy trial provisions are coextensive, but that the constitutional guarantees may be broader than statutory provisions in some circumstances. Hence, a defendant's Sixth Amendment rights to a speedy trial can be violated even though the state has complied with the statutory provisions implementing that right. *Id.* at 9, 516 N.E.2d at 220.

In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the Supreme Court developed a four-factor balancing test for resolving speedy trial issues:

" * * * We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

■ Applying that balancing test, we find no violation of defendant's constitutional right to a speedy trial herein. Although defendant asserted his right to a speedy trial on three separate occasions, he waived the right on another. Moreover, some of the delay in bringing defendant to trial can be attributed to defendant's own actions. Perhaps more significantly, defendant has not demonstrated any prejudice caused by the delay, including preindictment delay. See *State v. Luck* (1984), 15 Ohio St.3d 150, 15 OBR 296, 472 N.E.2d 1097.

Defendant's third assignment of error is overruled.

■ In his fourth assignment of error, defendant contends that the trial court erred by failing to credit defendant with jail time for incarceration prior to sentencing.

R.C. 2967.191 provides:

"The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced * * *."

The mandatory language of R.C. 2967.191 is directed at the Adult Parole Authority rather than the sentencing court. See *State, ex rel. Harrell, v. Court of Common Pleas* (1979), 58 Ohio St.2d 193, 12 O.O.3d 189, 389 N.E.2d 506. Thus, the trial court had no duty to credit jail time against defendant's sentence. *Id.* See, also, *State v. Crane* (Apr. 1, 1986), Franklin App. No. 85AP–780, unreported, 1986 WL 4040. Moreover, R.C. 2967.191 does not entitle a defendant to credit for any periods of incarceration which arose from facts separate and apart from those on which his current sentence is based. *State v. Dawn* (1975), 45 Ohio App.2d 43, 74 O.O.2d 77, 340 N.E.2d 421; *State, ex rel. Larkins, v. Ohio Adult Parole Auth.* (Feb. 8, 1991), Franklin App. No. 89AP–1348, unreported, 1991 WL 16140. Since defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail time credit. Defendant's fourth assignment of error is overruled.

In his fifth assignment of error, defendant contends that the trial court erred in allowing defendant to plead no contest to charges, as the prosecution failed to establish subject matter jurisdiction in Ohio.

Under Crim.R. 11(B)(2):

"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *."

Defendant does not challenge the state's indictment; nor does he challenge the procedures employed in the trial court relative to jurisdiction and his plea. Indeed, defendant interposed no objection to the prosecution's recitation of facts following defendant's no contest plea. See, *e.g.*, *State v. Hanni* (Dec. 28, 1990), Ashtabula App. No. 90–A–1493, unreported, 1990 WL 222985; *State v. Mayernick* (Oct. 25, 1990), Cuyahoga App. No. 57660, unreported, 1990 WL 161999; *State v. Stemen* (Mar. 10, 1989), Allen App. No. 1–87–26, unreported, 1989 WL 22034. Rather, defendant contends that the prosecution's recitation of facts failed to establish criminal jurisdiction in Ohio. We disagree.

During the prosecution's recitation of the facts underlying the indictment, the prosecution stated that property stolen from the Richmond, Kentucky home of Robert Lanter was recovered at a residence in Hocking County, Ohio, where defendant was residing. The prosecution further stated that these stolen articles were brought into Ohio by defendant and his co-conspirators. Under R.C. 2901.11:

"(A) A person is subject to criminal prosecution and punishment in this state if any of the following occur:

" * * *

"(5) While out of this state, he unlawfully takes or retains property and subsequently brings any₀ of such property into this state[.]"

The trial court's jurisdiction herein was established pursuant to R.C. 2901.-11(A)(5). Defendant's fifth assignment of error is overruled.

Having overruled each of defendant's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOHN C. YOUNG and PETREE, JJ., concur.