Appellant, Robert Gooch, appeals from his conviction in the Greene County Common Pleas Court of two counts of Domestic Violence in violation of R.C. 2919.25(A). Each count contained the specification that Gooch had previously been convicted of domestic violence in the Fairborn Municipal Court in March, 1998. The victim was the defendant's spouse, Nora Gooch.
The first count emanated from a domestic relations charge alleged to have occurred on March 30, 1998 (Case No. 98-CR-130). Gooch entered an Alford guilty to that charge on May 11, 1998. While out on bond for that charge, the defendant was alleged to have committed the second domestic violence charge on June 14, 1998. (Case No. 98-CR-225). On July 31, 1998, Gooch entered a guilty plea to that charge. Gooch was sentenced on both cases on September 16, 1998. He was sentenced to a period of six months in Case No. 98-CR-225. In Case No. 98-CR-130, he was sentenced to community parole, to be served consecutively to the sentence in Case No. 98-CR-130. Defendant was given 50 days jail time credit in Case No. 98-CR-130 and no days credit in Case No. 98-CR-225.
In his first assignment of error, Gooch contends the trial court committed prejudicial error in accepting his Alford plea to the first domestic relations charge because the court did not properly determine whether he knowingly and intelligently entered his Alford plea.
What occurred in open court during the defendant's Alford
plea is set out in the State's brief and is supported by our review of the record.
On May 11, 1998, the defendant appeared before the trial court with counsel, and tendered a petition to enter a plea of guilty. The trial court conducted a Crim. R. 11 colloquy. During the course of the colloquy between the court and Gooch, the defendant indicated that he was voluntarily pleading guilty and that no one had coerced or forced him to plead guilty. The court then proceeded to explain to the defendant the rights that he was giving up by his guilty plea.
The court then requested that the prosecutor place upon the record the "elements" of the offense to which Gooch was pleading guilty. The prosecutor stated the following in part:
 MR. HUNTER: . . . Briefly, on March 30, 1998, at approximately 10:30 p.m., the Defendant became involved in an altercation with the victim in this matter. As a result of that altercation, that being the Defendant's wife, the Defendant hit the victim several times on her head and proceeded to throw her on the floor and stepping on her finger. As a result of that, an investigation ensued and the Defendant is charged with one count of Domestic Violence, a felony of the fifth degree. This incident did occur in Fairborn, which is in Greene County, Ohio.
Following these remarks by the prosecutor Gooch denied that he had ever struck his wife. After his denials, the judge stated, "Basically you've denied a lot of the charge and the Court can't accept your guilty plea. If that's the position you take, we will just have to have a trial." The court then asked Gooch if he stepped on his wife's hand. Gooch said if he did it was accidental. He also stated that no one was home but him and his wife, and she was intoxicated, and "it would be my word against her's." (Tr. 12). Thereafter, defendant's counsel suggested anAlford plea. The judge then said to Gooch:
 "If, what you're saying, Mr. Gooch, is that you want to get this over with and you don't want to go to trial and you don't want to take a chance of being convicted at trial and you just want to get it over with and plead guilty, is that what you're saying you want to do?" (Tr. 5/11/98, p. 10, in. 20-25).
Gooch responded by stating that he would just like to get it over with but again denied ever hitting his wife. After a further discussion, Gooch's lawyer again suggested an Alford plea. The trial court then had a further colloquy with the defendant. The defendant again stated his feeling of what the facts were in the case. However, the defendant stated to the judge that in spite all of that he still wished to plead guilty. (Tr. 5/11/98, p. 12, in. 23-25). The trial judge then asked counsel for the defendant if he wished the court to accept the guilty plea. Counsel for defendant replied:
 "Taking into consideration all of those things, he weighs the risk of going to trial, he weighs that risk and he believes, and I have instructed him, he likes the idea of probation, moving on with his life and getting out of Ohio, getting away from Nora [the victim]," (Tr. 5/11/98, p. 13, in. 10-14).
The defendant then stated, "Yes, sir, I would like to get out of Greene County away from her." (Id. At in. 17-18). Then, based upon defense counsel's request, the trial court accepted the defendant's plea of guilty.
A defendant who maintains his innocence may, nevertheless, plead guilty to the offense with which he is charged. NorthCarolina v. Alford (1970), 400 U.S. 25. A defendant who believes himself to be innocent may rationally conclude that the evidence against him is so incriminating that there is a significant chance that a jury would find him guilty of the offense with which he is charged. A defendant in this position may rationally conclude that accepting a plea bargain is in his best interests, since he will avoid the risk of greater punishment if a jury should find him guilty.
Although a defendant may knowingly and intelligently plead guilty and thereby waive his various constitutional rights to a fair trial, even when he protests his innocence, the rational calculation in such cases differs significantly from the more usual guilty plea in which the defendant admits that he is guilty.
The essential duty imposed upon the trial judge by Crim. R. 11 is to ascertain that the defendant's decision to plead guilty, and thereby waive his various constitutional rights to a fair trial, is a knowing and intelligent decision. In the typical case, this requires the trial judge to determine that the defendant, with an understanding of the nature of the charges against him, acknowledges his guilt, and that, with an understanding of the constitutional protections to which he is entitled, he agrees to waive them.
Because an Alford plea involves a rational calculation that is significantly different from the calculation made by a defendant who admits he is guilty, the obligation of the trial judge with respect to the taking of an Alford plea is correspondingly different. The trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor.
In State v. Padgett (1990), 67 Ohio App.3d 332, this court further elaborated on the proper procedure in accepting an Alford
plea. Judge Fain wrote:
 The proper taking of a guilty plea requires "a meaningful dialogue between the court and the defendant." Garfield Heights v. Brewer (1980), 17 Ohio App.3d 216, 218, 17 OBR 458, 461, 479 N.E.2d 309, 313; State v. Bowling (March 10, 1987), Montgomery App. No. 9925, unreported, 1987 WL 7862. This requires more than a routine litany. Where the defendant interjects protestations of innocence into the plea proceedings, and fails to recant those protestations of innocence, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent. This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty.
The prosecutor's statement fails to indicate whether the State had any physical evidence which would corroborate Nora Gooch's testimony, such as photographs of her injuries or testimony from others who saw the extent of her injuries.
Although the prosecutor's statement was lacking in factual content, the trial court could have fairly determined from that statement that the defendant had made a rational calculation that he would be convicted upon the testimony of his wife and therefore his guilty plea was a rational choice particularly in light of the prosecutor's recommendation that he receive community control sanctions on this charge. Accordingly, the first assignment of error is overruled.
In his second assignment, Gooch contends the trial court erred in Case No. 98-CR-225 in accepting his guilty plea without first determining whether the defendant's plea was induced by promises and whether his plea was voluntarily and knowingly made.
Appellant also argues that the State failed to offer any facts to support the domestic violence charge.
The record indicates that the defendant signed a petition to enter his guilty plea on the day he entered his plea. In the petition, the defendant acknowledged that he understood the State did not oppose community control sanctions. In the petition, Gooch stated he was offering his guilty plea freely and voluntarily. The trial court specifically told Gooch it was not bound to follow the State's recommendation of community control sanctions and the defendant stated he understood that and yet still wished to plead guilty. (Tr. 5).
The State correctly notes that Crim. R. 11 does not require that the trial court receive a recitation of the underlying facts supporting a felony charge as in Alford pleas. The trial court did determine on the record that the defendant understood the nature of the charge to which he was entering his plea. (Tr. 8). The record indicates the trial court properly determined that the defendant entered his guilty plea knowingly and voluntarily. (Tr. 3). We are satisfied the trial court fully complied with Crim. R. 11. The second assignment is overruled.
In his third assignment of error, appellant contends the trial court erred in Case No. 98-CR-225 in failing to properly credit him with jail time served waiting disposition of the two felony counts of domestic violence.
The trial court's sentencing entry stated he was entitled to zero days of jail time credit. The defendant states the trial court's calculation is incorrect as he was incarcerated during the entire time after the second felony domestic relations charge (Case No. 98-CR-225) was filed.
In State v. Logan (1991), 71 Ohio App.3d 292, the defendant was serving a term of incarceration while other felony charges were pending against him. He claimed there, as defendant does here, that he was entitled to jail time credit for his pretrial confinement time. The Court of Appeals held that "R.C. 2967.191
does not entitle a defendant to credit for any periods of incarceration which arose from facts separate and apart from those on which his current sentence is based. [citations omitted]. Since defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail time credit." Id. At 300.
Appellant contends he should be credited for the ninety days he served prior to his guilty plea. He states he was confined at the same time for violating a criminal protection order in Case No. 98-CRB-1192 out of Fairborn Municipal Court. Appellant contends the misdemeanor charge arose out of the same conduct for which he was charged with the filing in Case No. 98-CR-225.
The trial court credited the defendant with 50 days pre-trial confinement credit in Case No. 98-CR-130 for which Gooch was given probation.
The State argues the matter is moot because the appellant has probably completed his six month sentence. Because the defendant was sentenced to community control for a two year period in Case No. 98-CR-130, he may yet have to serve a sentence of confinement if he violates the terms of his probation in that case.
We agree that the Fairborn Municipal Court case arose from the "same facts" as the common pleas cases. See, State v. Logan,supra. Accordingly, we will remand this matter to the trial court to calculate the days the defendant is entitled to be credited for his pre-trial confinement. See, State v. Gregory (1995),108 Ohio App.3d 264. The third assignment of error is Sustained in Part.
The judgment of the trial court is Affirmed in part, and Reversed in part and is Remanded to the trial court for further proceedings consistent with our determination of the Third Assignment.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Robert K. Hendrix
Thomas Mathewson
Hon. M. David Reid