[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Mark D. Hodges, was convicted for four counts of illegal use of a minor in nudity-oriented material pursuant to R.C. 2907.323(A)(1). Hodges presents four "issues * * * for review," which we will treat as assignments of error. In his first assignment of error, he contends that the introduction of improper other-acts testimony violated his right to a fair trial. See Evid.R. 404(B); State v. Hirsch (1998),129 Ohio App.3d 294, 306, 717 N.E.2d 789, 797. He claims that the prosecutor improperly elicited testimony that he possessed videotapes of children unrelated to the photographs upon which the charges against him were based. The record shows that when a police officer began to describe the contents of videotapes found during a search of Hodges's mobile home, the trial court sustained defense counsel's objection and struck the offending testimony. The court also later instructed the jury, "You must not draw any inference or speculate as to the truth of any suggestion included in a question that was not permitted to be answered, and you must disregard it." A jury is presumed to follow the trial court's instructions. State v. Henderson (1988),39 Ohio St.3d 24, 33, 528 N.E.2d 1237, 1246. Consequently, the trial court cured any error, and we cannot hold that the witness's statements were so prejudicial as to deny Hodges a fair trial. See State v. Loza (1994), 71 Ohio St.3d 61, 75,641 N.E.2d 1082, 1100; State v. Allen (1987), 29 Ohio St.3d 53, 55,506 N.E.2d 199, 201; State v. Trummer (1996), 114 Ohio App.3d 456,463, 683 N.E.2d 392, 397. Accordingly, we overrule Hodges's first assignment of error.
In his second assignment of error, Hodges contends that egregious prosecutorial misconduct denied him a fair trial. The test for prosecutorial misconduct is (1) whether the remarks were improper, and (2) if so, whether the remarks prejudicially affected the accused's substantial rights. State v. Lott (1990),51 Ohio St.3d 160, 165, 555 N.E.2d 293, 300; Hirsch, supra, at 309, 717 N.E.2d at 800. Hodges takes issue with the prosecutor's statement that the jury should "stand up" for the victims. The Ohio Supreme Court has stated that the victim cannot be separated from the crime, and that comments about crime victims do not offend the United States or the Ohio Constitution. State v.Taylor (1997), 78 Ohio St.3d 15, 28, 676 N.E.2d 82, 94-95. Further, the prosecutor's comment was an isolated statement, made at the very end of his closing argument in rebuttal, and it did not convey to the jury that it should ignore the evidence and decide the case on an improper basis. See State v. Beuke (1988),38 Ohio St.3d 29, 33-34, 526 N.E.2d 274, 280-281; State v. Cole
(Jan. 22, 1997), Hamilton App. No. C-950900, unreported. Consequently, we cannot hold that the prosecutor's statement was improper or that it prejudicially affected Hodges's substantial rights. Accordingly, we overrule his second assignment of error.
In his third assignment of error, Hodges contends that the evidence was insufficient to support his convictions. After reviewing the record, we hold that the state's evidence, when viewed in a light most favorable to the prosecution, could convince a rational trier of fact beyond a reasonable doubt that Hodges had, on four occasions, photographed minors, who were not his children or wards, in a state of nudity, without a valid purpose as specified in the statute and without the consent of the minors' parents, guardian or custodian. Consequently, the evidence was sufficient to support his convictions. See State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; State v. Zinkiewicz (1990), 67 Ohio App.3d 99, 106,585 N.E.2d 1007, 1011.
Hodges also contends that his convictions were against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse the convictions and order a new trial. Therefore Hodges's convictions were not against the manifest weight of the evidence. See Statev. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541,546-547; State v. Johnson (June 30, 1999), Auglaize App. No. 2-98-39, unreported. Hodges is simply arguing that the state's evidence was not credible, but matters as to the credibility of evidence are primarily for the trier of fact to decide. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Accordingly, we overrule Hodges's third assignment of error.
In his fourth assignment of error, Hodges contends that he was denied his right to a speedy trial. His only argument is that his attorney asked for continuances and waived his right to a speedy trial without his knowledge or consent. However, the Ohio Supreme Court has held that counsel may waive the defendant's right to be brought to trial within the time limits set forth in R.C. 2945.71 without the defendant's consent, and that the defendant is bound by the waiver. State v. McBreen
(1978), 54 Ohio St.2d 315, 376 N.E.2d 593, syllabus; State v. Logan
(1991), 71 Ohio App.3d 292, 297-298, 593 N.E.2d 395, 399. Accordingly, we overrule Hodges's fourth assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 _________________ PRESIDING JUDGE DOAN