OPINION
Defendant-appellant Charles Hayhurst, Jr. appeals his conviction and sentence entered by the Delaware County Court of Common Pleas on one count of theft, a fifth degree felony, following a jury's verdict of guilty. The State of Ohio is plaintiff-appellee.
STATEMENT OF THE CASE, Appellant was indicted on May 8, 1998, on one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree. Appellant entered a not guilty plea at his arraignment on June 22, 1999, at which time appellant's bail was allowed to be a personal recognizance bond. Appellant's counsel informed the trial court appellant was currently serving a two year prison term at a state penal institution on unrelated charges originating out of Franklin County. Appellant made no objection to the trial court's grant of a personal recognizance bond. The matter proceeded to trial before a jury on February 25, 1999. The jury returned a verdict of guilty. On March 30, 1999, appellant was sentenced to serve a prison term of nine months consecutive to the sentence he was already serving from the Franklin County charges. It is from the trial court's judgment entry entering his conviction and sentence appellant prosecutes this appeal assigning as error:
THE TRIAL COURT ERRED BY IMPOSING A RECOGNIZANCE BOND ON APPELLANT WHEN HE WAS TO REMAIN INCARCERATED ON ANOTHER CASE PENDING TRIAL. Appellant's argument is premised on his assertion "had appellant been held in leu [sic] of bail, his eleven months spent awaiting trial would have been credited against his sentence." Appellant's Brief at 6. Appellant concludes, "The court may offer a recognizance bond but should not be able to impose it." Appellant's Brief at 7. We note appellant offers no authority for the latter proposition. Appellant's premise to his underlying argument is flawed. A defendant is not entitled to jail time credit under R.C. 2967.191 for any period of incarceration which arises from facts separate and apart from those on which the current sentence is based. State v. Logan (1991), 71 Ohio App.3d 292,300. Furthermore, appellant did not object to the trial court's setting of bond. Having failed to object, appellant has waived any alleged error by the trial court in so doing. We find no error was committed by the trial court. Appellant's sole assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas is affirmed.
 _______________________ HOFFMAN, P.J.
WISE, J. and READER, V.J. concur