OPINION
On February 8, 1996, the Tuscarawas County Grand Jury indicted appellant, John Marini, on one count of theft in violation of R.C. 2913.02. The indictment included specifications for prior theft convictions and a prior conviction of an offense of violence. At the time of this indictment, appellant was serving time in a state penal institution.
On October 8, 1996, appellant filed a motion to dismiss for failure to bring him to trial within one hundred eighty days per his request under R.C. 2941.401. The trial court heard this motion prior to trial and denied same.
A jury trial commenced on October 10, 1996. The jury found appellant guilty of the theft count and the specification for the prior theft convictions. The specification for the prior violence conviction was to be tried to the court.
On November 19, 1996 appellant filed another motion to dismiss for speedy trial violations. By judgment entry filed December 3, 1996, the trial court denied this motion.
By judgment entry filed January 31, 1997, the trial court sentenced appellant to an indefinite term of three to ten years.
On February 28, 1997, appellant filed a notice of appeal (Case No. 97 AP 020016).
On November 20, 1997, appellant filed with the trial court a motion to correct sentence based upon S.B. No. 2. By judgment entry filed December 4, 1997, the trial court denied this motion.
On December 13, 1997, appellant filed a notice of appeal (Case No. 97 AP 120082).
Appellant's two appeals were consolidated and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO TERMS OF INCARCERATION EXISTING PRIOR TO SENATE BILL 2, WHERE THE OFFENSE WAS COMMITTED PRIOR TO THE BILL'S EFFECTIVE DATE, BUT SENTENCED AFTERWARD, IN VIOLATION OF OHIO AND FEDERAL DUE PROCESS RIGHTS.
 II THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS, WHERE APPELLANT PROVIDED THE INSTITUTION PROPER NOTICE UNDER R.C. 2941.401, VIOLATES HIS RIGHTS UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION.
 III APPELLANT'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO MOVE OBJECT TO SENTENCING APPELLANT FOR A PRIOR THEFT SPECIFICATION WHEN NO PRIOR THEFT EVIDENCE WAS PRESENTED, IN VIOLATION OF APPELLANT'S RIGHTS TO DUE PROCESS AND AGAINST CRUEL AND UNUSUAL PUNISHMENT UNDER THE OHIO CONSTITUTION.
 IV THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THREE TO TEN YEARS WHERE NO PROOF OF PRIOR VIOLENCE WAS PUT ON THE RECORD WHICH WOULD HAVE PERMITTED A SENTENCE GREATER THAN TWO YEARS DEFINITE.
 V THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO CORRECT SENTENCE, WHERE APPELLANT WAS ARRESTED BEFORE, BUT SENTENCED AFTER, THE EFFECTIVE DATE OF SENATE BILL 2, IN VIOLATION OF THE OHIO AND FEDERAL CONSTITUTIONS RIGHT TO DUE PROCESS.
 I, V
Appellant claims he was entitled to be sentenced under S.B. Nos. 2 and 269 because he was sentenced after their effective dates. We disagree.
Appellant argues this court's decision in State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported, is controlling sub judice. We find Rush does not apply based upon this court's decision in State v.Emerick (September 23, 1997), Licking App. No. 97 CA 37, unreported.
 Assignments of Error I and V are denied. II
Appellant claims the trial court erred in denying his motion to dismiss for speedy trial violations. We disagree.
Appellant argues he was entitled to dismissal because he was not brought to trial within one hundred eighty days after requesting final disposition pursuant to R.C. 2941.401 which states as follows:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
* * *
 If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
There is no evidence that any written notice was sent to the prosecuting attorney and appropriate court as required by the statute. Appellant argues his request to the warden was sufficient to trigger the one hundred eighty day rule. We note our brethren from the Tenth District in State v. Logan (1991), 71 Ohio App.3d 292, 296, agrees with this argument:
 In State v. Ferguson (1987), 41 Ohio App.3d 306, 535 N.E.2d 708, this court interpreted virtually identical provisions of the `Interstate Agreement on Detainers' embodied in R.C. 2963.30 and held at 311, 535 N.E.2d at 713:
 `* * * [T]here is first a burden on the defendant to substantially comply with the IAD request requirements by doing everything that could reasonably be expected. Once the defendant fulfills this burden, however, the burden is then placed upon the state to cooperate and bring the accused to trial within one hundred eighty days.'
 In so holding, we concluded that failure of prison authorities to forward defendant's request thereunder to the appropriate parties should not vitiate an inmate's rights once requested. Id. The rationale underlying the Ferguson holding would seem to apply to a case arising under the speedy trial provisions of R.C. 2941.401.
However, in the case sub judice, the record does not establish that appellant made a request to the warden. As noted in Logan, the burden of proof is upon appellant to establish a prima facia case for discharge under R.C. 2941.401. In his October 8, 1996 motion to dismiss, appellant admitted "[c]ounsel for Defendant did not receive a copy of this request, nor is a copy available at this time." A hearing was held and no subpoena was made to the warden or to obtain appellant's inmate file. No transcript of this hearing was filed.
Upon review, we find appellant failed to establish a prima facie case of compliance with the requirements of R.C. 2941.401. The trial court did not err in denying appellant's motion to dismiss.
After his trial and conviction, appellant again filed a motion to dismiss for speedy trial violations. No evidence was attached to this motion. By judgment entry filed December 3, 1996, the trial court denied said motion. Pursuant to Crim.R. 12(B), a motion to dismiss for speedy trial violations is to be made prior to trial as appellant so did. Under the Criminal Rules, there is no such "creature" as a motion to reconsider.
 Assignment of Error II is denied. III
Appellant claims his trial counsel was ineffective for failing to object to the trial court's sentence. We disagree.
The standard this case must be measured against is set out in State v.Bradley (1989), 42 Ohio St.3d 136, 142, cert. denied 110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition,
2) [P]rejudice arises from counsel's performance.
In order to warrant reversal, appellant must establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668, 696.
Appellant argues his trial counsel should have objected to the trial court's imposition of an indefinite sentence based upon the prior violence specification because no evidence of the specification was ever presented.
Review of the transcript from the January 29, 1997 sentencing hearing indicates the sentence came about after plea negotiations involving a pending charge for burglary against appellant. The plea negotiations involved the sentence in the case sub judice (Case No. 96CR010030) and the sentence on the burglary charge (Case No. 95CR120331):
 MR. HIPP: To specifically put on the record what we have talked about, we have agreed to amend the indictment so that there will be a plea to a Burglary count in case number 331 and there is a possibility of up to a 15 year indefinite term on that. Our recommendation and agreement was that if there was a guilty plea entered, we would ask for the maximum sentence on the Burglary and we would agree that probation to be granted on that sentence. That probationary term to begin only after he completes the sentence in case number 030 which the State of Ohio intends to recommend the maximum on the indefinite term of four to ten.
T. at 3.
The trial court accepted the plea negotiations and explained to appellant the following:
 If you plead to the amended indictment, the Court will at this point, as I indicated yesterday, because of the presentence investigation that I have in that case, I would grant or would impose the maximum sentence in that case which is four to ten, however, I would, under the circumstances, if there is a plea in the Burglary case to which it would be amended, I will go along with the imposition today of maximum but I will suspend that and place you on probation upon that particular matter. * * * If that's agreeable, we can proceed. What I'm going to do is I'm going to impose the following: I will come back one year on the minimum in case number 030, I will impose a three to ten year sentence and I make no statement as to consecutive. That will be imposed beginning today.
T. at 4.
Appellant pled guilty to the burglary charge per the negotiations. The acknowledgment of guilty plea signed by appellant included the following statement:
 That I have not been coerced or required to plead Guilty, and that no promises have been made to me by the Prosecuting Attorney, or anyone representing the State of Ohio; EXCEPT The State of Ohio agreed to amend the indictment in this matter to specify the offense of burglary and the defendant acknowledges that the State of Ohio will request the maximum sentence on the charge of burglary with probation to be granted after completion of the defendant's sentences in Case Number 95 CR 050087 (an indefinite term of three (3) to five (5) years and Case Number 96 CR 010030 (which the parties expect may be an indefinite term of four (4) to ten (10) years).
By entering into the plea negotiations and benefitting therefrom (probation on the burglary charge) appellant waived his right to object to the failure to prove the prior violence specification.
Upon review, we find no ineffective assistance of counsel.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in sentencing him. We disagree.
Appellant argues the trial court erred in imposing an indefinite term of three to ten years based upon the prior violence specification because no evidence of the specification was ever presented. As discussed in Assignment of Error III, appellant's sentence came about as a result of plea negotiations involving a pending burglary charge. Appellant assented to the sentence and benefitted from the plea negotiations.
The trial court did not err in sentencing appellant.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
Tuscarawas County, App. No. 97 AP 20016 and 97 AP 120082
Farmer, P.J., Gwin, J. and, Hoffman, J. concur.