[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After pleading guilty, defendant-appellant Kenny Killings was convicted of one count of aggravated robbery, with a gun specification, and one count of robbery. Killings was sentenced to five years' incarceration for the aggravated robbery and to three years on the accompanying gun specification, with the terms to be served consecutively. He was sentenced to a concurrent term of eight years' incarceration for the robbery. As a matter of record, the trial court's judgment entry makes no reference to either bad time or post-release control.
In his first assignment of error, Killings claims that the trial court erred when it failed to declare R.C. 2967.11 and R.C. 2967.28
unconstitutional. These issues were not raised in the trial court and are therefore waived on appeal. See State v. Coleman (1989),45 Ohio St.3d 298, 305, 544 N.E.2d 622, 631; State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. Therefore, this assignment of error is overruled. But, we note that the Ohio Supreme Court has already decided the claims made against these statutes. See State exrel. Bray v. Russell (2000), 89 Ohio St.3d 132, 729 N.E.2d 359; Woods v.Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1033.
In his second assignment of error, Killings claims that the trial court acted contrary to law by failing to give credit for time served. R.C.2967.191 requires that credit be given for the time a prisoner is confined for reasons arising out of the offense for which he has been convicted and sentenced. But R.C. 2967.191 does not entitle a defendant to credit for any period of incarceration that arises from facts separate and apart from those upon which his current sentence is based. See Statev. Logan (1991), 71 Ohio App.3d 292, 300, 593 N.E.2d 395, 401. In this case, the trial court found that Killings had been in jail on a parole holder and advised him that credit for time served would be applied to the parole holder. Because the parole holder arose out of Killings's prior convictions, we hold that the trial court did not err in this case when it refused to give him credit for time served on his current sentence. See State v. Hodge (Nov. 29, 1999), Butler App. Nos. CA 99-01-001 and CA9901-002, unreported. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.