[Cite as *State v. Ralph*, 2011-Ohio-1303.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
WYANDOT COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  16-10-07

    v.

DANNY R. RALPH,                  O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Wyandot County Common Pleas Court
Trial Court No. 10-CR-0020

Judgment Affirmed

Date of Decision:   March 21, 2011


APPEARANCES:

    *Howard A. Elliott*  for Appellant

    *Jonathan K. Miller*  for Appellee

**SHAW, J.**

{¶1} The appellant, Danny Ray Ralph ("Ralph"), appeals the July 15, 2010 judgment of conviction and sentence of the Wyandot County Court of Common Pleas assigning as error the trial court's failure to grant him any days of jail-time credit for the time he spent in confinement while awaiting the disposition of the charges pending against him.

{¶2} On November 12, 2009, in case number 09-CR-0099, a Wyandot County Grand Jury indicted Ralph on one count of breaking and entering, one count of theft, and one count of petty theft. The charges stemmed from an August 6, 2009 incident where Ralph allegedly entered into the garage belonging to a Nevada, Ohio resident, Lyle Gatchel, taking various items from the garage including Gatchel's wallet, which contained several credit cards. Because Ralph was already serving prison time on prior convictions out of Richland County, the trial court ordered a warrant to be issued to facilitate Ralph's delivery from the Lorain Correctional Institution, located in Grafton, Ohio, to Wyandot County so that he might appear for arraignment on the charges listed in the November 12, 2009 Indictment.

{¶3} On November 19, 2009, Ralph appeared for arraignment and entered pleas of not guilty to the charges. Ralph confirmed under oath that he was presently incarcerated in Lorain County. The trial court set Ralph's bond at $10,000.00. Ralph remained in

custody at the Richland County Correctional Institution while he awaited the disposition of the charges pending in case 09-CR-0099.

{¶4} On April 14, 2010, Ralph was again indicted by the Wyandot County Grand Jury on additional charges, in case number 10-CR-0020, which listed three separate counts of breaking and entering, receiving stolen property, and forgery. The charges stemmed from incidents on August 6 and 7, 2009, where Ralph allegedly obtained and used Lyle Gatchel's credit cards to purchase items at Speedway SuperAmerica in Upper Sandusky by forging Gatchel's signature.

{¶5} On May 18, 2010, Ralph was arraigned on the charges listed in the indictment pertaining to case number 10-CR-0020, and entered pleas of not guilty to the charges. The trial court again set Ralph's bond at $10,000.00. The trial court also granted the prosecution's motion to consolidate the two cases pending against Ralph under case number 09-CR-0099.

{¶6} The same day, Ralph entered into a negotiated plea agreement, in which he changed his plea to guilty on count two of the indictment filed under case number 10-CR-0020, receiving stolen property. In exchange for Ralph tendering his guilty plea on the receiving stolen property charge, the prosecution agreed to dismiss the remaining counts listed in the indictment under case number 10-CR-0020, and all three counts listed in the indictment under case 09-CR-0099. The terms of Ralph's negotiated plea agreement were journalized in the trial court's May 24, 2010 Judgment Entry.

{¶7} On July 13, 2010, Ralph appeared before the trial court for sentencing. At issue during the sentencing proceeding was whether Ralph was entitled to jail-time credit for the days he spent in custody while awaiting the disposition of the Wyandot County cases. Ralph maintained that he was entitled to 224 days of jail-time credit from his initial arraignment on November 19, 2009. As the basis for this argument, Ralph asserted that the instant charge of receiving stolen property was committed as part of a "continuing course of conduct" in surrounding counties. Specifically, Ralph maintained that his conviction for receiving stolen property in the Wyandot County case was part of a multi-county crime spree, which also resulted in convictions in Franklin and Richland Counties. Ralph asserted that because his conviction in the Wyandot County case was "related" to his convictions in Richland County, for which he was already serving prison time, he should essentially be receiving simultaneous jail-time credit for both cases.

{¶8} On July 15, 2010, the trial court journalized Ralph's judgment of conviction and sentence, which imposed a prison term of eleven months to be served consecutively to Ralph's sentences arising from his Richland County convictions. In its sentencing entry, the trial court found that Ralph's conviction in the Wyandot County case was not part of a "continuing course of conduct" and, therefore, did not arise out of the offenses for which he was convicted and sentenced in Richland County. Accordingly, the trial court concluded that Ralph not entitled to any jail-time credit toward his sentence stemming from the Wyandot County conviction.

{¶9} Ralph now appeals, asserting the following assignment of error.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR BY FAILING TO CREDIT THE DEFENDANT-APPELLANT FOR THE PERIOD OF TIME THAT THE DEFENDANT-APPELLANT WAS HELD DURING THE PENDENCY OF THE CASE IN LIEU OF BOND WHEN HE RAISED THE ISSUE BEFORE THE TRIAL COURT BY SUGGESTING HIS INCARCERATION WAS RELATED TO OR AROSE OUT OF THE OFFENSE BEFORE THE COURT AND THE STATE FAILED TO OFFER ADMISSIBLE EVIDENCE TO CHALLENGE THE DEFENDANT'S ASSERTIONS.**

{¶10} In his sole assignment of error, Ralph asserts that the trial court erred in failing to grant him any jail-time credit for the time he spent in Wyandot County custody while awaiting the disposition of the charges pending against him. Specifically, Ralph maintains that the trial court was not permitted to overrule his request for jail-time credit absent sufficient evidence from the prosecution establishing that the Wyandot County offense actually arose out of a set of facts separate and apart from the Richland County convictions, for which he was already serving time.

{¶11} Initially, we note that a defendant's entitlement to jail-time credit is governed by R.C. 2967.191, which states, in relevant part:

> **The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for *any reason arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and**

> **confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.**

(Emphasis added).

{¶12} To the contrary, a defendant is not entitled to jail time credit under R.C. 2967.191 for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based. *State v. Lynn*, 3d Dist. No. 15-06-16, 2007-Ohio-3344, ¶ 8, citing *State v. Logan* (1991), 71 Ohio App.3d 292, 300, 593 N.E.2d 395. Furthermore, R.C. 2967.191 does not require a trial court to recognize duplicate or multiple pretrial detention credit. *Lynn*, 2007-Ohio-3344, ¶ 8; see also *State v. Harpe*, 3d Dist. No. 5-10-01, 2010-Ohio-3670, ¶17.

{¶13} In making his argument under this assignment of error, Ralph principally relies on a case decided by the Second Appellate District, *State v. Nagy*, 2d Dist. No. 2003CA21, 2003-Ohio-6903. In *Nagy*, the defendant objected to the trial court's finding at sentencing that he was only entitled to eleven days of jail-time credit, as opposed to the entire 143 days he was in custody while awaiting the disposition of the pending charges. *Id*. ¶6-7. In determining that *Nagy* was not entitled to more days of jail-time credit, the trial court relied on the unsworn statements of the court's probation officer, which were made in open court, indicating that the defendant was serving time on an unrelated municipal conviction prior to being held for the offense in the subsequent case. *Id*. at ¶9. Based on these statements alone, the trial court overruled the defendant's request for additional days of jail-time credit. *Id*. ¶10-11. The defendant appealed, and the Second

-6-

Appellate district reversed the trial court's assessment of the defendant's jail-time credit finding error with the trial court relying solely on the "mere unsworn representations" by the court's probation officer to overrule Nagy's objection. *Id*. at ¶23.

{¶14} In relying on *Nagy*, Ralph overlooks key differences between his case and Nagy's. Unlike in *Nagy*, the record in Ralph's case demonstrates that there was more than "mere unsworn representations" before the trial court, which substantiated the nature of Ralph's prior convictions. Here, the trial court reviewed the pre-sentence investigation report which detailed Ralph's convictions in Richland County for receiving stolen property, misuse of credit cards, grand theft and breaking and entering, in addition to the charges pending against Ralph in Franklin County for receiving stolen property and misuse of credit cards. We note that it is well within the discretion of the trial court to rely on the contents of a defendant's pre-sentence investigation report when deciding sentencing matters. *State v. Osborn*, 3d Dist. No. 9-05-35, 2006-Ohio-1890, ¶13 citing State *v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E .2d 570; see also Evid.R 101(c)(3)(providing hearsay is admissible in sentencing proceedings). Moreover, there was no evidence before the trial court at the time of sentencing demonstrating that the receiving stolen property offense, for which Ralph was convicted and sentenced to in Wyandot County, arose out of the offenses Ralph committed in Richland and Franklin Counties.

{¶15} Nevertheless, despite the lack of evidence substantiating Ralph's objection to the trial court's decision on his jail-time credit, the trial court did not summarily overrule his objection as the court did the *Nagy* case. Rather, once Ralph's counsel raised the objection to the trial court's assessment of jail-time credit, the trial court took a short recess to review the relevant law because Ralph's counsel had not raised the disputed jail-time credit issue prior to sentencing. Upon returning on the record, the trial court engaged in a discussion with Ralph's counsel and the prosecution on the matter, specifically regarding the application of R.C. 2967.191 to Ralph's case.

{¶16} In exploring Ralph's argument that his Wyandot County conviction was part of a "continuing course of conduct" with his prior convictions in Richland County, the trial court asked Ralph's counsel to extract details from Ralph's prior convictions that linked those offenses to the Wyandot County offense. The only fact relied upon by Ralph's counsel on this point, was that Ralph was living in a "crack house" in Richland County for an unsubstantiated period of time, where several stolen credit cards were passed around to the "crack house" dwellers and used at a variety of locations. Ralph's counsel admitted that she did not know when the other offenses took place, who the victim's were in the offenses, or where the other offenses occurred. Therefore, aside from the rather attenuated statement that an unidentified "crack house" was the common source of the cases in Wyandot, Richland, and Franklin Counties, there was no other evidence before the trial court to support Ralph's contention that his conviction for

receiving stolen property in Wyandot County arose out of the same set of facts as his prior Richland County offenses.

{¶17} Based on the record before us, we do not find that the trial court committed error in finding that Ralph was not entitled to any days of jail-time credit while he awaited the disposition of this case, because he was serving time on a prior conviction which arose out of a set of facts separate and apart from the case sub judice. Accordingly, Ralph's assignment of error is overruled.

{¶18} For all these reasons, the judgment of the Wyandot County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**