[Cite as *Bryant v. Ross*, 2013-Ohio-1105.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| ALICIA JOYCE BRYANT, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-05-102 |
| | : | O P I N I O N |
| - vs - | | 3/25/2013 |
| | : | |
| TORIANO ROSS, SR., | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS90-11-0438


Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, Butler County Child Support Enforcement Agency

Toriano Ross, Sr., 3169 Regal Lane, Apt. 7, Cincinnati, Ohio 45251, appellant, pro se


**HENDRICKSON, P.J.**

{¶ 1}   Appellant, Toriano Ross, Sr., appeals from a decision of the Butler County0 Court of Common Pleas, Juvenile Division, denying his motion to dismiss.  For the reasons outlined below, we affirm the decision of the trial court.

{¶ 2}   This case stems from appellant's failure to pay child support.  An initial complaint to determine parentage was filed in 1990.  Subsequently, a parentage and support

agreement was finalized by the court. In 2007, a motion to show cause was filed. At a hearing on this motion, appellant admitted that he had failed to pay child support and was found in contempt. As a result, appellant was sentenced to ten days in the Butler County Jail, which was stayed. On August 28, 2008 a contempt review hearing was held. The trial court found that appellant had failed to pay child support since May 12, 2008, and a bench warrant was issued for his arrest because he failed to appear.

{¶ 3} At some point, appellant was incarcerated on charges unrelated to this case. During his incarceration, the Butler County Sheriff's Department filed a detainer with the correctional institution where appellant was being held. Appellant then filed a motion for speedy trial, followed by a motion to dismiss. Both motions were denied. The trial court indicated that it would address the matter upon appellant's release. It is from the trial court's denial of his motion to dismiss appellant now appeals, and asserts one assignment of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE APPELLANT'S PRO-SE MOTION TO DISMISS PURSUANT TO SECTION 2941.401 SHOULD HAVE BEEN GRANTED BY THE TRIAL COURT BECAUSE MORE THAN 180 DAYS HAD ELAPSED BETWEEN THE TIME THE APPELLEE PLACED DETAINER ON HIM AND THE FILING OF THE MOTION TO DISMISS.

{¶ 6} Appellant argues that his speedy trial rights were violated under R.C. 2941.401. Specifically, he argues that because more than 180 days had passed between when a detainer was filed regarding his nonsupport and when he filed his motion to dismiss, the court no longer had jurisdiction over his nonsupport case.[1] We disagree.

---

1. We note that the 180-day time frame under R.C. 2941.401 does not begin at the time a detainer is filed, but rather from the date the defendant files notice of his request for disposition. *State v. Logan*, 71 Ohio App.3d 292, 296 (10th Dist.1991).

{¶ 7} The right to a speedy trial is implemented by statutes that impose a duty on the state to bring the defendant to trial within a specified time. *State v. Melampy*, 12th Dist. No. CA2007-04-008, 2008-Ohio-5838, ¶ 9. R.C. 2945.71 et seq. is applicable to defendants in general, whereas, the specific speedy trial limitation found in R.C. 2941.401 is applicable to a defendant who is already incarcerated and the pending charge is for a crime separate from that for which he is currently imprisoned. *Id.*; *State v. Clark*, 12th Dist. No. CA2007-03-037, 2008-Ohio-5208, ¶ 30. In order to invoke the speedy trial provisions in R.C. 2941.401, the defendant must follow certain procedures. Once these procedural requirements are satisfied, the state is obligated to bring a defendant to trial within 180 days of the date the defendant files notice of his request for disposition of the untried indictment, information, or complaint. *State v. Logan*, 71 Ohio App.3d 292, 296 (10th Dist.1991). If the state fails to comply with the 180-day restriction, the court loses jurisdiction and the indictment, information, or complaint is void. R.C. 2941.401. The appropriate remedy is to then dismiss the charges for lack of a speedy trial. *Melampy* at ¶ 10. However, the 180-day time frame outlined in R.C. 2941.401 only applies to any "untried indictment, information, or complaint against a prisoner." R.C. 2941.401.

{¶ 8} In this case, appellant contends that he complied with all the procedural requirements necessary to avail himself of the protections of R.C. 2941.401. Nevertheless, appellant's compliance with such procedural requirements is irrelevant because the statute is inapplicable. The underlying nonsupport case is civil in nature and thus not subject to speedy trial considerations. Furthermore, appellant's failure to appear is a form of contempt under R.C. 2705.02(A). *State v. Moody*, 116 Ohio App.3d 176, 181 (12th Dist.1996). Contempt proceedings are not subject to the legislative strictures of speedy trial considerations. *See State v. Khong*, 29 Ohio App.3d 19, 27 (8th Dist.1985). Additionally, there is no untried indictment, information, or complaint. Consequently, this case does not

fall within the purview of R.C. 2941.401. Appellant's sole assignment of error is overruled.

{¶ 9} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.