[Cite as *State v. Flemings*, 2011-Ohio-4286.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO                                    :

                                        :        Appellate Case No. 24615

        Plaintiff-Appellee               :

                                          :        Trial Court Case No. 2010-CR-1301

v.                                               :

                                          :        (Criminal Appeal from

MARTIN E. FLEMINGS                               :        Common Pleas Court)

                                          :

        Defendant-Appellant         :

                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LAURA M. WOODRUFF, Atty. Reg. #0084161, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. #0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Martin Flemings appeals from an order overruling his motion to reconsider an entry of jail-time credit. Flemings contends that the trial court erred in failing to grant the proper amount of jail-time credit.

{¶ 2} We conclude that Flemings's claim is barred by the doctrine of res judicata,

because Flemings failed to appeal from the denial of his second motion for jail-time credit. Even if Flemings's argument could be considered, jail-time credit is improper where a defendant serves time for an unrelated offense during the time that he is awaiting trial on a separate offense. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 3} In August 2010, a complaint was filed against Martin Flemings in Dayton Municipal Court Case No. 2010-CRA-060, alleging that Flemings had violated a protection order issued by the Montgomery County Common Pleas Court on May 13, 2010. The date of the alleged violation was July 15, 2010. After a probable cause hearing, the case was bound over to the Grand Jury, which indicted Flemings on two counts in August 2010. An amended indictment was then filed in October 2010, alleging that Flemings had committed Felonious Assault (Serious Physical Harm)to April Elokobi on March 16, 2010. The second count alleged that Flemings had committed Burglary for the purpose of committing Menacing on July 15, 2010, and the third count alleged that Flemings had engaged in Menacing by Stalking (History of Violence) from March 15, 2010 through July 15, 2010. The bail for these charges was set in the Dayton Municipal Court at $50,000 cash or surety.

{¶ 4} On November 19, 2010, Flemings appeared before the trial court to discuss pleading guilty to Counts One and Three of the indictment. In exchange, the State agreed to dismiss Count Two. At the plea hearing, the trial court indicated that it would sentence Flemings to twelve months in prison on Count Three, and to a term of community control sanctions for the more serious offense in Count One, to be served when Martin was released

from prison. The trial court also stated that it would give Martin credit for time already served. In this regard, the following discussion occurred:

{¶ 5} "THE COURT: * * * As relates to the menacing by stalking, which is a felony of the fourth degree, I am going to sentence you to 12 months at the Corrections Receptions Center, but you'll be given credit for the time that you've already served. Is that –

{¶ 6} "MR. LACHMAN: Yes, yes.

{¶ 7} "THE COURT: – what we talked about. Twelve months at the Correction – giving you credit for the time that you're already served, which is approximately five months, as I understand it. You'll be given credit for all the jail-time credit you're entitled to. I know there might be some question about exactly how much that is because of an arrest that occurred back in the summer, and whether or not you should get jail-time credit for that 10 days or so, but we'll take a look at that. I'm not going to tell you on the record precisely what the jail-time credit is. I will tell you that we'll take a look at the issue of jail-time credit, and we will ensure that you get all jail-time credit that you are legally entitled to receive.

{¶ 8} " * * * *

{¶ 9} "I think that's a fair recitation of what we discussed, is it not, Marshall?

{¶ 10} "MR. LACHMAN: Yes, just on a couple of issues. One maybe – with regard to the jail-time credit issue. It's clear – I think Mr. Flemings was picked up on July 15. We know that that will be when at least jail-time credit starts to run.

{¶ 11} "THE COURT: Right.

{¶ 12} "MR. LACHMAN: There was two weeks in February or March when he was initially picked up on the felonious assault, that we will – I'll do some research on and we'll

talk about it.   There's that.   Mr. Fleming says it was two weeks – it might have been more like 10 days.   We'll verify that. But that, as I've explained to him, is an open issue.   He clearly – his out date will be no later than July of 2011.   It might be a couple of weeks earlier than that, depending on what we decide.

{¶ 13} "THE COURT:   And that's a – that's a very fair statement of the issue.   And the issue really is as to those 10 days or two weeks back in February, whether or not those days are connected to or associated with the menacing by stalking.

{¶ 14} "MR. LACHMAN: Right.

{¶ 15} "THE COURT: Understand?

{¶ 16} "THE DEFENDANT: Yes, sir."   Transcript of November 19, 2010 Plea Hearing, pp. 4-5.

{¶ 17} After this discussion, and an explanation of the rights Flemings would be waiving, Flemings pled guilty to Counts One and Three.   At the sentencing hearing in December 2010, the trial court sentenced Flemings to twelve months at the Corrections Reception Center for the menacing by stalking offense, and stated that Flemings would be given credit for the time he had already served in the Montgomery County Jail regarding that offense.   Transcript of December 8, 2011 Sentencing Hearing, p. 21.    The termination entry was filed on December 9, 2010.   Flemings did not file a direct appeal from the judgment of conviction and sentence.

{¶ 18} In December 2010, Flemings filed a pro se motion for jail-time credit.   He stated that upon arriving at the state prison reception center, he learned that he had received only 148 days of jail-time credit.   Flemings claimed he was entitled to 162 days, for time

served from March 22, 2010 to April 4, 2010. Subsequently, the Division of Court Services filed a Jail Time Credit Report, stating that Flemings had been held in custody for the Menacing by Stalking Charge from July 16, 2010 through July 19, 2010, when he was arrested/sentenced on misdemeanor charge in Case No. 2010-CRB-2419 in Dayton Municipal Court, and for 79 days from September 21, 2010 through December 8, 2010, when his misdemeanor sentence was completed. The trial court signed the Jail Time Credit Report on December 29, 2010, and it was filed with the court on December 29, 2010. No appeal was taken from this decision.

{¶ 19} Flemings filed a second pro se motion for jail credit in February 25, 2010, contending that he was entitled to 148 days jail credit, from July 14, 2010 through December 10, 2010. Flemings alleged that he had been credited with only 84 days, due to a clerical mistake. On March 3, 2010, the trial court filed an entry upholding its decision of December 29, 2010. No appeal was taken from this decision.

{¶ 20} Subsequently, in April 2011, Flemings filed a motion to reconsider the jail-time credit report, this time through counsel. Flemings contended in the motion that the court had incorrectly concluded that he was not in custody for purposes of jail-time credit from July 20, 2010 through September 20, 2010, because he was serving a sentence from Dayton Municipal Court during that period. Flemings argued that because he was being held in jail in lieu of bond, it was irrelevant that he was also being held in jail on a totally unrelated matter during the same time.

{¶ 21} The trial court held a hearing on the matter in April 2011. Flemings's attorney presented the court with sentencing entries from Dayton Municipal Court. One entry placed

Flemings on probation. The second entry revoked the probation on July 20, 2010, and committed Flemings to jail for 70 days. Flemings was already in jail at that point on the charge that resulted in the indictment in the case before us.

{¶ 22} The trial court noted that Flemings was asking for credit for time served from July 20, 2010 through September 20, 2010, for the Dayton Municipal Court case, based on the claim that Flemings's bond situation made it irrelevant that Fleming was also serving a sentence on a totally unrelated matter. The trial court rejected this contention, determining that the case was controlled by our prior decision in *State v. Brown* (January 26, 2001), Montgomery App. No. 18427. In *Brown*, we had held that jail-time credit was not appropriate where the defendant had served the time for a separate misdemeanor offense while his felony case was pending. The trial court filed an entry the same day, rejecting Flemings's motion to reconsider.

{¶ 23} Flemings appeals from the denial of his motion to reconsider the entry of jail time credit.

II

{¶ 24} Flemings's sole assignment of error is as follows:

{¶ 25} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT ALL THE JAIL-TIME CREDIT HE WAS ENTITLED TO."

{¶ 26} Under this assignment of error, Flemings contends that the trial court erred in concluding that he is not entitled to jail-time credit for the period from July 20, 2010 to September 20, 2010. The trial court's decision was based on our holding in *Brown* that a defendant may not receive jail-time credit for a period of time when he is incarcerated

pursuant to a sentence for a misdemeanor offense that is separate from the offense at issue. We conclude that res judicata precludes Flemings from challenging his jail-time credit.

{¶ 27} In *State v. Roberts*, Franklin App. No. 10AP-729, 2011-Ohio-1760, the defendant was represented by counsel during a probation revocation hearing and the sentencing hearing. Id. at ¶ 7. Instead of filing a direct appeal, the defendant challenged his jail-time credit through a subsequent motion. Id. The Tenth District Court of Appeals concluded that the defendant was precluded from raising the issue, due to res judicata. In this regard, the Tenth District Court of Appeals noted that:

{¶ 28} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Spillan*, 10th Dist. No. 06AP–50, 2006–Ohio–4788, ¶ 9, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 1996–Ohio–337; *State v. Perry* (1967), 10 Ohio St.2d 175, 180. This court has held that the doctrine of res judicata applies to a jail-time credit motion that alleges an erroneous legal determination on jail-time credit. Id., citing *State v. Lomack*, 10th Dist. No. 04AP–648, 2005–Ohio–2716, ¶ 12; *State v. Eble*, 10th Dist. No. 04AP–334, 2004–Ohio-6721, ¶ 10. '[A] defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation.' *Lomack* at ¶ 11. However, 'if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for

correction before the trial court.'   Id.; *Eble* at ¶ 10."   *Roberts*, 2011-Ohio-1760, at ¶ 6.

{¶ 29} We have previously distinguished the decision in *Spillman*, upon which *Roberts* relies.   See *State v. Coyle*, Montgomery App. No. 23450, 2010-Ohio-2130, ¶ 8-16. We concluded in *Coyle* that res judicata did not apply to the case, because the trial court had not specified the number of days of jail-time credit in its termination entry.   We stated that:

{¶ 30} "The number of days Defendant had spent in confinement for purpose of any reduction of his sentence to which Defendant would be entitled pursuant to R.C. 2967.191 was not a point or fact in issue in the prior criminal action between these same parties that was terminated by the November 30, 1998 judgment of conviction and sentence.   Rather, it was a matter collateral to the judgment of conviction and sentence the court journalized. Furthermore, the court therein did not pass upon whether Defendant had spent any time at all in confinement.   The court instead omitted any finding regarding that point or fact when it left blank the open space in its preprinted 'Termination Entry.'    Had the court entered '0' or 'none' before the word 'days,' then Defendant's current claim would be barred by res judicata, but the court made no such finding.   Defendant's claim for jail-time credit, or the number of days he spent in confinement for purposes of R.C. 2967.191, in the motion he filed on March 16, 2009, is therefore not barred by res judicata."   Id. at ¶ 10.

{¶ 31} Both the termination entry and amended termination entry in the case before us state that the "number of days for which the defendant should receive jail time credit is indicated in the entry and warrant to transport filed in this case."   However, no such entry appears in the record.

{¶ 32} Flemings's original motion for jail-time credit states that he was originally

credited with 148 days when he arrived at the correction reception center. That number was subsequently changed to 83 days by the trial court, and notice of this was sent to Flemings.

{¶ 33} In *Coyle*, we also concluded that due process requires that a defendant be given notice of, and an opportunity to be heard regarding, the findings the court intends to make on jail-time credit if an opportunity to be heard did not occur during the sentencing hearing. We stated that:

{¶ 34} "A court that journalizes a judgment of conviction and sentence required by Crim.R. 32(C) must, as a collateral matter, also make the factual determination as to the number of days of confinement by which the department of rehabilitation and correction must reduce the sentence the court imposed. *State ex rel. Rankin v. Ohio Adult Parole Authority*, 98 Ohio St.3d 476, 2003-Ohio-2061]. When that finding is made in the sentencing proceeding, the Defendant has an opportunity to object to it. However, the necessary facts concerning a defendant's confinement are often not then known to the court. In that circumstances [sic], the court must make a delayed determination, and due process then requires that the defendant have notice of and an opportunity to be heard concerning the finding the court proposes to make.

{¶ 35} "In the present case, the required notice and opportunity could have been provided through an order giving Defendant a stated period of time within which to show cause why the court should not adopt the report of its Division of Court Services as an order of the court. Defendant could then have filed the objections he subsequently filed, permitting a proper resolution of the issue by the court as well as a direct appeal of the court's determination by either party. Appellate review of the determination would then be possible

in relation to the record on which the court relied. The present record does not permit that review." Id. at ¶ 15-16.

{¶ 36} After receiving notice of the 83-day jail-time credit, Flemings submitted a second motion for jail-time credit in February 2011, setting forth his grounds for challenging the credit. After considering this matter, the trial court upheld its prior decision granting 83 days of jail-time credit. In his second motion, Flemings had, and took advantage of, an opportunity to object to the trial court's calculation of jail-time credit. When the trial court overruled his objection, Flemings could have appealed from the order overruling his objection. Flemings did not appeal; he filed a motion for reconsideration in April 2011. Because Flemings failed to appeal from the March 2011 order overruling his objection to the trial court's calculation of his jail-time credit, his motion for reconsideration is barred by res judicata.

{¶ 37} Even if Flemings's claim were not barred, it is without merit. R.C. 2967.191 provides that:

{¶ 38} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."

**{¶ 39}** Flemings failed to contend in the trial court that his misdemeanor and felony offenses were related. Flemings's argument, instead, was that he was being held in jail in lieu of bond for the case at hand, and that it was irrelevant whether the misdemeanor was related. In contrast, Flemings's contention on appeal is that the crimes are related, because the probation revocation in the municipal court case arose from the July 15, 2010 incident that was the subject of Count Two of the indictment in the case before us.

**{¶ 40}** In *Brown*, the defendant was sentenced and incarcerated on an unrelated misdemeanor offense while two other felony charges were pending. We observed that:

**{¶ 41}** "With regard to Case No. 98-CR-4593, Brown claims that he was entitled to jail time credit for the entire period from his arrest on December 4, 1998 through his transport to the CRC on January 31, 2000. The trial court credited him for all of this time except for the period from January 3 through 27, or twenty-five days. During this period, Brown was serving a misdemeanor sentence imposed by the Kettering Municipal Court in an unrelated case. R.C. 2967.191 provides for jail time credit for 'the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * * .' Because Brown's confinement from January 3 through 27, 1999, was due to a separate misdemeanor offense and did not arise out of the offense at issue in Case No. 98-CR-4593, the trial court properly refused to give Brown jail time credit for that period. See *State v. Smith* (1992), 71 Ohio App.3d 302, 304." *Brown* (January 26, 2001), Montgomery App. No. 18427, 2001 WL 62816, * 2.

**{¶ 42}** Other courts have held that defendants cannot be credited for jail time when they serve the time for unrelated offenses while they are in jail awaiting trial on separate

charges.   See, *State v. Harper*, Sandusky App. No. S–10–005, 2010-Ohio- 6518, ¶ 11-13, and *State v. Marini*, Tuscarawas App. No. 09-CA-6, 2009-Ohio-4633, ¶ 10-23.   In *Marini*, the Fifth District Court of Appeals reasoned that:

{¶ 43} "When different courts impose sentences at separate times, the sentences at best are only partly concurrent, and there is no requirement that courts arrange their cases in such a way as to maximize concurrency. *State v. Carter*, 2nd Dist. No. 1580, 2002-Ohio-6387, ¶¶ 8-10.   It is one thing to hold, such as the Supreme Court did in *State v. Fugate*, 117 Ohio St.3d 261, 883 N.E.2d 440, 2008-Ohio-856 that jail time credit earned in two cases must be applied to both cases when the sentences are imposed concurrently by the same court.   It would be quite another to hold in the present case that confinement while serving non-concurrent jail time must be awarded as 'jail time' to reduce a later-imposed felony sentence."   Id. at ¶ 23.

{¶ 44} We agree with these observations.   Assuming for purposes of argument that Martin's probation revocation occurred because of the incident that occurred on July 15, 2010, the crime that gave rise to the sentence for which Martin was on probation in Dayton Municipal Court occurred some time prior to July 15, 2010.   Accordingly, the misdemeanor charge is a separate offense from the charge for which Martin was confined, for purposes of jail-time credit.

{¶ 45} A similar situation occurred in *State v. Chandler*, Franklin App. No. 10AP–972, 2011-Ohio-3485.   In that case, the defendant committed felony offenses while on community control from a prior conviction.   As a result of the new offenses, the defendant's community control was revoked, and he served time for the prior conviction while also in jail

and awaiting trial on the felony offenses. Id. at ¶ 19-20. The trial court credited the defendant with this jail time when he was sentenced for the felony offenses, and the State appealed. The Tenth District Court of Appeals reversed the award of jail-time credit, because the defendant was not entitled to receive credit for the jail time in the subsequent case. Id. at ¶ 21.

{¶ 46} Flemings's sole assignment of error is overruled.[1]

{¶ 47} As a final matter, we note that the State has filed a motion to supplement the record with the complaint from Dayton Municipal Court Case No. 2010-CRB-2419 and the civil stalking orders from Montgomery County Common Pleas Court Case No. 2010-CV-2415. The State indicates in its motion that copies of these documents are attached. However, only copies of the civil stalking orders have been attached. Presumably, this is the protection order the State mentions in its brief, the violation of which resulted in the misdemeanor charge in Dayton Municipal Court at some point prior to July 15, 2010. Having already concluded that the misdemeanor charge is separate for purposes of jail-time credit, we see no reason to consider supplementing the record. The State's motion to supplement the record is overruled.

III

{¶ 48} Flemings's sole assignment of error having been overruled, the judgment of the

---

[1] The transcript of the plea hearing suggests that the trial court and Flemings's attorney may have conveyed the impression to Flemings that he would be credited with time he had served since July 15, 2010, less perhaps ten days or a few weeks. The trial court did stress, however, that Flemings would be given only the jail-time credit to which he was legally entitled, and that this would be the court's decision. If his decision to enter a plea was affected by a misunderstanding of the amount of jail-time credit he would receive, Flemings may have had grounds to move to withdraw his plea. But the propriety of the plea is not currently before us.

trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Laura M. Woodruff
Marshall G. Lachman
Hon. Michael Tucker