[Cite as *State v. Angi*, 2012-Ohio-3840.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :          C.A. CASE NO.    2011 CA 72

v.                                               :          T.C. NO.    11CR415

ZACHARY ANGI                                     :            (Criminal appeal from
                                                             Common Pleas Court)

    Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

# O P I N I O N

Rendered on the    24th    day of    August   , 2012.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

TARA C. DANCING, Atty. Reg. No. 0077277, 1158 Kauffman Avenue, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}** Zachary Angi appeals from a judgment of the Greene County Court of

Common Pleas, which, upon his conviction for breaking and entering, concluded that he was entitled to only seven days of jail time credit.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} In 2010, Angi was convicted on his guilty plea of three counts of robbery, one count of possession of criminal tools, and one count of tampering with evidence. (Greene County Case No. 2010-CR-156). He was sentenced to three years in prison, which was to be served at the Noble Correctional Institution.

{¶ 4} As a result of his conviction, Angi's DNA was entered into the State's DNA database, whereupon he was linked to – and eventually indicted for – an unsolved crime of breaking and entering that had occurred in March 2009. In August 2011, Angi was served with his arrest warrant at the Noble Correctional Institution. Bond was set in the amount of $5,000, but Angi did not post it.

{¶ 5} Angi entered into a plea agreement with the State on the breaking and entering charge, whereby he pled guilty in exchange for a stipulated six-month jail sentence, to be served consecutively to the sentence imposed in Case No. 2010-CR-156. The trial court accepted the plea and imposed the stipulated sentence. In its judgment entry, the trial court stated that Angi was entitled to seven days of jail time credit. According to the State, "[t]hose seven days represented the number of days that [Angi] was outside the [Noble Correctional] institution for the instant case." Angi's motion requesting additional jail time credit was denied.

{¶ 6} Angi appeals from the trial court's judgment insofar as it found that he was entitled to only seven days of jail time credit. Angi claims that he was entitled to 87 days

of jail time credit (i.e., the time from when he was served with the arrest warrant until he returned to Noble after his conviction), because that is "the total number of days [he] was confined *in lieu of bail* while awaiting trial" on the breaking and entering.   (Emphasis sic).

{¶ 7}    Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual confinement on that charge.    *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5, citing *White v. Gilligan*, 351 F.Supp. 1012, 1014 (S.D. Ohio 1972); *State v. Rios*, 2d Dist. Clark No. 10 CA 59, 2011-Ohio-4720, ¶ 49-50.   This requirement enforces the Fourteenth Amendment's right to equal protection of the law.  *Coyle* at ¶ 5, citing *Workman v. Cardwell*, 338 F. Supp. 893 (N.D. Ohio 1972).

{¶ 8}    R.C. 2967.191 implements the equal protection right with respect to credit for prior incarceration, as follows:

> The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where

he is to serve his sentence.

{¶ 9} We have previously addressed Angi's argument that, when a defendant is held in jail in lieu of bond on a new and separate charge, he is entitled to jail time credit even if he was also being held in jail on a totally unrelated matter during that same time. *See, e.g., State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286; *Rios*, 2d Dist. Clark No. 10 CA 59, 2011-Ohio-4720. We have consistently rejected this argument, holding that jail time credit is not appropriate where the defendant was serving time for a separate offense. Other courts have also held that a defendant cannot receive jail time credit when he serves time for unrelated offenses while in jail awaiting trial on separate charges. *See, e.g., State v. Logan*, 71 Ohio App.3d 292, 300, 593 N.E.2d 395 (10th Dist. 1991); *State v. Harper*, 6th Dist. Sandusky No. S-10-005, 2010-Ohio-6518, ¶ 13; *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 22-23.

{¶ 10} Angi's conviction for breaking and entering in the present case was unrelated to his prior convictions for robbery, possession of criminal tools, and tampering with evidence. Thus, he was not entitled to jail time credit on the breaking and entering charge for days on which he was incarcerated on the other offenses.

{¶ 11} The assignment of error is overruled.

{¶ 12} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and RICE, J., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Nathaniel R. Luken
Tara C. Dancing
Hon. Stephen A. Wolaver