[Cite as *State v. Dewey*, 2013-Ohio-2118.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                      :               C.A. CASE NO.    25515

v.                                              :               T.C. NO.    11CR726

CHRISTOPHER D. DEWEY                            :                  (Criminal appeal from
                                                                  Common Pleas Court)

    Defendant-Appellant                     :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     24th     day of     May     , 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER D. DEWEY, #611843, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**    Christopher D. Dewey appeals from a judgment of the Montgomery County

Court of Common Pleas, which denied his motion to increase his jail time credit to 155 days. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2}     On February 28, 2011, Dewey was arrested for committing felonious assault.  Two days later, on March 2, 2011, Dewey was formally charged with felonious assault by a complaint filed in the Municipal Court of Miamisburg, and a felony arrest warrant was issued and served on Dewey that same day.  Dewey was arraigned in the municipal court on March 3.  The municipal court set a bond of $50,000 (no 10% plus EHDP), but Dewey did not post it.  On March 10, Dewey waived a preliminary hearing, and the case was sent to the common pleas court.  (The transcript of proceedings from the Municipal Court of Miamisburg was filed in the Montgomery County Court of Common Pleas on April 4, 2011.)

{¶ 3}     The first item in the common pleas court docket is a request for discovery under Crim.R. 16(B), which was signed by defense counsel on March 10 and filed on March 16.  On May 31, 2011, Dewey was indicted for felonious assault.  Dewey was served with the indictment at the Montgomery County Jail, and he was ordered to appear on June 2. Dewey appeared from the jail by video and entered a plea of not guilty.  On the same day, the trial court issued a scheduling order, which also noted Dewey was presently in custody.

{¶ 4}     On June 22, 2011, Dewey was transported to the court for a plea hearing, during which Dewey pled guilty to felonious assault.  Dewey was subsequently transported to the court for hearings on July 13, July 20 (sentencing hearing), and July 27 (restitution hearing).

{¶ 5}     On July 28, 2011, the trial court issued a written judgment entry, sentencing

Dewey to two years in prison. The judgment stated that the "number of days for which the defendant should receive jail time credit is indicated in the entry and warrant to transport filed in this case." A trial court's warrant to convey, which is included in the trial court's online docket, was also filed on July 28; it indicated that Dewey was entitled to 23 days of jail time credit for the time he was incarcerated prior to sentencing. The Sheriff's Return, filed on August 3, indicated that Dewey was transported to prison on August 1, 2011. Dewey acknowledges that he was told by the Ohio Department of Rehabilitation and Correction (ODRC) that he was given 34 days of jail time credit. Dewey did not appeal from the judgment of conviction and sentence.

{¶ 6} On November 13, 2012, Dewey filed a pro se motion for jail time credit. He claimed that he was entitled to a total of 155 days of jail time credit, but received only 34 days. Dewey attached two exhibits: (1) a Departmental Offender Tracking System Portal (DOTS) printout showing that he was credited with 34 days of jail time credit and an expected release date of June 26, 2013, and (2) a printout from the Montgomery County Jail indicating that Dewey arrived at 5:30 p.m. on February 28, 2011, and was released at 9:47 a.m. on August 1, 2011.

{¶ 7} The trial court asked the Division of Court Services to prepare a jail time credit report regarding Dewey's case. Court services prepared a report on November 16, 2012, which indicated that Dewey was entitled to 15 days of jail time credit, representing the time between February 28, 2011, the date of Dewey's arrest in this case, and March 14, 2011, when he was sentenced in Dayton M.C. Case No. 11CRB11978. (The Dayton Municipal Court's online docket reflects that Dewey's sentence for assault in Case No.

11CRB11978 included 180 days in jail, with three days of jail time credit.) Dewey was sent a copy of the report. On November 19, three days later, the trial court approved the modification to 15 days of jail time credit.

{¶ 8} Dewey appeals from the trial court's November 19, 2012 judgment, claiming that the trial court violated his constitutional rights when it "refused to grant [him] with the proper number of days of jail time credit."[1]

{¶ 9} Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual confinement on that charge. *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5, citing *White v. Gilligan*, 351 F.Supp. 1012, 1014 (S.D.Ohio 1972). This requirement enforces the right to equal protection provided by the Fourteenth Amendment. *State v. Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7, citing *Coyle* at ¶ 5.

{¶ 10} R.C. 2967.191, governing jail time credit, implements the equal protection right to credit for prior incarceration. The statute provides, in part:

> The department of rehabilitation and correction shall reduce the stated prison
> term of a prisoner * * * by the total number of days that the prisoner was
> confined for any reason arising out of the offense for which the prisoner was

---

[1] On December 21, 2012, ODRC recalculated Dewey's release date to July 3, 2013, which accounted for a total of 27 days of jail time credit. Dewey subsequently filed a motion to correct clerical error, claiming that ODRC erred in decreasing his jail time credit and that it should have added 15 days to the 34 days already credited. The trial court denied the motion, reasoning that 15 days "is the appropriate jail time credit Mr. Dewey is entitled to receive." Dewey has appealed this ruling. *State v. Dewey*, 2d Dist. Montgomery No. 25676. No briefs have been filed in that appeal, and we will not speculate about its merit.

convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

{¶ 11} "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with the jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Authority*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7, quoted by *Coyle* at ¶ 7.

{¶ 12} As an initial matter, Dewey has not argued that the trial court erred in resolving his motion for jail time credit without providing him a hearing. *Contrast Coyle*, *supra*. And, although the trial court indicated the amount of jail time credit to which Dewey was entitled in its warrant to convey, which was filed the same day as the judgment of conviction, the State has not raised whether res judicata should apply. *See State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286 (discussing the application of res judicata to jail time credit determinations). We consider these potential arguments waived, and we will not address them.

{¶ 13} We have previously addressed whether a defendant who is held in jail in lieu of bond on a new and separate charge is entitled to jail time credit, even if he was also being held in jail on a totally unrelated matter during that same time. *See*, *e.g.*, *Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840; *Flemings*, *supra*; *State v. Rios*, 2d Dist. Clark

No. 10 CA 59, 2011-Ohio-4720. We have consistently held that jail time credit is not appropriate where the defendant was serving time for a separate offense. Other courts have also held that a defendant cannot receive jail time credit when he serves time for unrelated offenses while in jail awaiting trial on separate charges. *See*, *e.g.*, *State v. Logan*, 71 Ohio App.3d 292, 300, 593 N.E.2d 395 (10th Dist.1991); *State v. Harper*, 6th Dist. Sandusky No. S-10-005, 2010-Ohio-6518, ¶ 13; *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 22-23.

**{¶ 14}** The record reflects that Dewey was arrested in the case on February 28, 2011. Bond was set for $50,000, but Dewey did not post it. According to the court services report, Dewey was sentenced in Dayton M.C. No. 11CRB11978 on March 14, 2011.

**{¶ 15}** Dewey does not challenge the accuracy of the court services report, and he has not argued that he was not, in fact, convicted and sentenced to jail in Case No. 11CRB11978. Assuming that the court services report is correct that, starting March 15, 2011, Dewey was in jail to serve his misdemeanor assault sentence, Dewey was serving time for an unrelated offense while he was awaiting trial and, later, conveyance in this felonious assault case. Dewey was not entitled to jail time credit on the felonious assault charge for the days on which he was incarcerated for his misdemeanor assault conviction.

**{¶ 16}** Because the record does not demonstrate that Dewey was entitled to additional days of jail time credit, the trial court properly denied Dewey's motion to increase his jail time credit to 155 days.

**{¶ 17}** Dewey's assignment of error is overruled.

**{¶ 18}** The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Christopher D. Dewey
Hon. Michael L. Tucker