[Cite as *State v. Ayers*, 2013-Ohio-4234.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

DAVID L. AYERS, JR.

     Defendant-Appellant

Appellate Case No.    25489

Trial Court Case No.   2012-CR-1661

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ANTONY A. ABBOUD, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

## I.   Introduction

{¶ 1}     The issue presented in this appeal by Appellant, David L. Ayers, Jr., is whether the trial court erred by failing to conduct a hearing on the issue of jail time credit.   From the time Ayers was indicted until he was sentenced in this case, he was incarcerated at a prison for a conviction arising from an unrelated, separate charge.   We conclude that the court is not required to conduct a hearing on jail time credit when the facts necessary to compute the credit are a matter of record and are known to the trial court.   Accordingly, the judgment of the trial court will be affirmed.

## II.   Statement of Facts and Procedural History

{¶ 2}     On July 23, 2012, David Ayers was indicted for having disobeyed a protection order in violation of R.C. 2919.27(A)(1).   At the time, Ayers was serving a three-year sentence at Madison Correctional Institution, based on his prior conviction in Montgomery County Common Pleas Court Case No. 2011-CR-1478.   On October 17, 2012, the matter proceeded to a bench trial.   After the State had presented three witnesses, Ayers agreed to a plea bargain.   He then withdrew his plea of not guilty and entered a plea of guilty in exchange for an agreed sentence of 12 months incarceration to be served concurrently with the previously-imposed prison sentence.

{¶ 3}     After imposing the agreed-upon sentence of 12 months to be served concurrently with the three-year sentence in Case No. 2011-CR-1478, the trial court granted Ayers 15 days of jail credit.   Ayers and his Attorney, Tina M. McFall, told the court that Ayers

believed he should receive more credit, since he had been held in lieu of bond since July 23, 2012. The trial court noted that because Ayers had been serving a three-year sentence in Case No. 11-CR-1478, the jail credit calculation would be 15 days. Transcript of October 12, 2012 Proceedings, p. 68.

{¶ 4}    Ayers appeals from the failure of the trial court to hold a hearing after Ayers raised the issue of jail credit at the sentencing hearing.


III.    Did the Trial Court Err in Failing to Conduct a Hearing on Jail Credit?

{¶ 5}    Ayers' sole assignment of error states that:

The Trial Court Violated Ayers' Right to Due Process When It Failed to Conduct a Hearing on the Issue of Jail Time Credit.

{¶ 6}    Under this assignment of error, we are asked to decide if the facts of record are sufficient to support the trial court's failure to conduct a jail credit hearing. Relying on *State v. Nunez*, 2d Dist. Montgomery No. 21495, 2007-Ohio-1054, Ayers claims that the trial court violated his right to due process when it failed to conduct a hearing after he objected to the amount of jail credit. Ayers also contends that once a defendant objects, the State has the burden of showing that the defendant is not entitled to more days of jail credit. In this regard, Ayers relies on *State v. Newport*, 2d Dist. Greene No. 2006 CA 49, 2007-Ohio-1678.

{¶ 7}    In response, the State argues that the record demonstrates that Ayers was not being held for any reason arising from the offense in this case. Thus, notwithstanding the current violation, Ayers would have been confined under his separate conviction and prison sentence.

**{¶ 8}** In *Nunez*, we held that a defendant's objection that he or she is entitled to additional jail credit invokes the Fourteenth Amendment right to equal protection, which is enforced by R.C. 2967.191. *Nunez* at ¶ 20. We also held that the Fourteenth Amendment right to due process of law entitles the defendant to a hearing on his objection. *Id*.

**{¶ 9}** As a preliminary matter, we note that while the Department of Rehabilitation and Correction has the duty of crediting the total amount of jail time served by an inmate, the trial court "makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St. 3d 476, 2003-Ohio-2061, 786 N.E.2d 1286 ¶ 7. *Accord State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 7.

**{¶ 10}** In *Coyle*, we discussed the law for calculating jail credit, by stating that:

R.C. 2967.191 implements the equal protection right by imposing on the department of rehabilitation and correction the specific responsibility to "reduce the stated prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial [,] . . . and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's term."

"Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with the jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward

his sentence." *State ex rel. Rankin v. Ohio Adult Parole Authority*, 98 Ohio St.3d 476, 786 N.E.2d 1286, 2003-Ohio-2061, at ¶ 7. Furthermore, any error in the determination the court makes "may be raised by way of a direct appeal of his criminal case." *Id*., at ¶ 10, 786 N.E.2d 1286, citing *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223. *Coyle*, at ¶ 6-7.

{¶ 11} *Coyle* also discussed the duty of the trial court to hold a hearing where the facts necessary to make a factual finding as to jail credit are not known to the court. In this regard, we stated that:

> A court that journalizes a judgment of conviction and sentence required by Crim.R. 32(C) must, as a collateral matter, also make the factual determination as to the number of days of confinement by which the department of rehabilitation and correction must reduce the sentence the court imposed. *State ex rel. Rankin*. When that finding is made in the sentencing proceeding, the Defendant has an opportunity to object to it. However, the necessary facts concerning a defendant's confinement are often not then known to the court. In that circumstances [sic], the court must make a delayed determination, and due process then requires that the defendant have notice of and an opportunity to be heard concerning the finding the court proposes to make. *Id*. at ¶ 15.

{¶ 12} Thus, under *Coyle* and *Nunez*, a hearing is required where the court does not have the necessary information to calculate jail credit. Conversely, where the court possesses the necessary facts, a hearing would not be required.

{¶ 13} "We have consistently held that jail time credit is not appropriate where the

defendant was serving time for a separate offense." *State v. Dewey*, 2d Dist. Montgomery No. 25515, 2013-Ohio-2118, ¶ 13. Here, the docket shows that Ayers was serving a three-year sentence for a separate case during the entire time this case was pending and was not entitled to additional jail credit. The trial court, therefore, did not abuse its discretion by failing to hold a hearing on the jail credit issue, because all the facts necessary to determine jail credit were a matter of record. *See, e.g.*, *Dewey*, at ¶ 16.

{¶ 14} In *Dewey,* the record indicated that the defendant had been incarcerated on an unrelated offense while awaiting trial. We concluded that the trial court did not err in failing to credit Dewey for days that he served for the unrelated offense. *Id.*

{¶ 15} Because the facts of record clearly demonstrate that Ayers was not entitled to additional jail time credit, the trial court did not abuse its discretion in failing to hold a hearing on the issue after Ayers objected. Accordingly, Ayers' sole assignment of error is overruled.

Conclusion

{¶ 16} Ayers' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Antony A. Abboud
Hon. Steven K. Dankof