[Cite as *State v. Carter*, 2013-Ohio-5163.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

ROGERS LAMARR CARTER

      Defendant-Appellant


Appellate Case No.    25640

Trial Court Case No.   2012-CR-1531
                       2012-CR-3020

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of November, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 7821 North Dixie Drive, Dayton, Ohio 45414
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} We are asked to decide whether the trial court erred when it calculated jail time credit regarding Appellant, Rogers Lamarr Carter. The trial court correctly held that Carter was not entitled to jail time credit for incarceration time arising from an unrelated, separate offense. The trial court was not required to hold a separate hearing to determine jail time credit where the defendant did not request a hearing, and the facts necessary to compute the credit were not contested and known to the court. We affirm the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 17, 2012, a grand jury indicted Carter for possession of heroin and possession of cocaine in case number 2012-CR-1531. On November 9, 2012, he was indicted for retaliation in case number 2012-CR-3020. On January 31, 2013, the State dismissed the possession of cocaine count. Carter then entered a plea of no contest and was found guilty of the possession of heroin count and retaliation. The court sentenced Carter to a six month prison term on the cocaine count and a concurrent nine month term on the retaliation count, pursuant to the plea bargain.

{¶ 3} At the sentencing hearing, the trial court determined Carter had earned 20 days of jail time credit. The court based its calculations on the following facts that were derived from its records. Carter spent two days in jail from May 19, 2012, and three days in jail from September 5, 2012. The court stated that Carter served a municipal court sentence in Municipal Court Case 09-CR-B2042, from October 10, 2012, that would end on February 14, 2013. The court informed Carter that he would not be given jail time credit from October 24, 2012, to

January 30, 2013, because during that time he had been held on the misdemeanor sentence. Carter did not request an evidentiary hearing, object to, or contest the facts stated by the judge. Carter objected to the trial court's conclusion and filed appeals in both cases.

## II. LEGAL ANALYSIS

### A. FIRST ASSIGNMENT OF ERROR

**{¶ 4}** Carter's first assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY

FAILING TO GIVE APPELLANT PROPER JAIL TIME CREDIT.

**{¶ 5}** Where a defendant is incarcerated in jail prior to sentencing, he is entitled to have all periods of actual incarceration on that charge credited to his ultimate sentence. R.C. 2967.191*; State v. Dewey,* 2d Dist. Montgomery No. 25515, 2013-Ohio-2118, ¶ 9, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5 (Other citation omitted). This requirement enforces the right to equal protection provided by the Fourteenth Amendment. *Dewey* at ¶ 9, citing *State v. Angi,* 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7. (Other citation omitted.)

**{¶ 6}** R.C. 2967.191 implements the equal protection right to credit for prior incarceration. *Dewey* at ¶ 10. Under the statute, the trial court determines how many days of pre-sentence confinement "for any reason arising out of the offense for which the prisoner was convicted and sentenced" shall be credited to a defendant's sentence. We have held that "jail time credit is not appropriate under the statute where the defendant was serving time for a separate offense." *State v. Ayers*, 2d Dist. Montgomery No. 25489, 2013-Ohio-4234, ¶ 13, citing

*Dewey* at ¶ 13.

**{¶ 7}** Carter acknowledges that he was serving time on a misdemeanor offense at the same time he was being held in jail on these cases. The trial court did not err.

**{¶ 8}** We overrule Carter's first assignment of error.

## B. SECOND ASSIGNMENT OF ERROR

**{¶ 9}** Carter's second assignment of error states:

APPELLANT WAS DENIED EQUAL PROTECTION SINCE HE

WAS TREATED DIFFERENTLY THAN OTHERS SIMILARLY

SITUATED.

**{¶ 10}** To support his allegation of disparity, Carter cites a dissimilar case. *See Haddox v. Houser*, 44 Ohio App.2d 389, 339 N.E. 2d 666 (10th Dist. 1975). Haddox was originally incarcerated on the charge of rape, but entered a plea of no contest to the lesser included misdemeanor offense, sexual imposition. The trial court sentenced Haddox to 60 days incarceration, but refused to credit any of the 186 days jail time credit for the time he was held awaiting trial on the rape. Haddox's right to jail time credit was enforced regarding his conviction for a lesser included misdemeanor for jail time accumulated on the original felony rape charge.

**{¶ 11}** In contrast to this case, the misdemeanor in *Haddox* was not a separate offense. In *Haddox,* the sentence " * * * [arose] out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. Since Carter's misdemeanor incarceration arose from a separate, unrelated offense, *Haddox* does not support the assignment of error.

{¶ 12}  As noted above, R.C. 2967.191 enforces the right to equal protection under the Fourteenth Amendment. The trial court properly applied the law to the facts of this case and did not violate Carter's Constitutional rights.   We overrule this assignment of error.

## C. THIRD ASSIGNMENT OF ERROR

{¶ 13} Carter's third assignment of error states:

> THE TRIAL COURT DENIED APPELLANT DUE PROCESS BY DENYING HIM CREDIT FOR JAIL TIME SERVED PRE-TRIAL WITHOUT A HEARING ON THE ISSUE OF JAIL TIME CREDIT.

{¶ 14}  Carter claims that he was entitled to a separate hearing upon his objection to the court's determination of jail time credit. All of the facts relied upon by the trial court in calculating jail time credit were from the court's records and stated in Carter's presence during the sentencing hearing. Carter did not request a separate hearing, object to, or question any of the facts stated by the trial court at the time of sentencing.

{¶ 15}  The sentencing hearing demonstrated that the trial court knew the facts necessary to make factual findings regarding jail time credit.   In discussing when a trial court has the duty to hold a separate hearing to determine the facts needed to compute jail time credit we have stated:

> Thus, under *Coyle* and *Nunez*, a hearing is required where the court does not have the necessary information to calculate jail credit. Conversely, where the court possesses the necessary facts, a hearing would not be required.

*Ayers*, 2d Dist. Montgomery No. 25489, 2013-Ohio-4234, at ¶ 12, citing *Coyle*, 2d Dist.

Montgomery No. 23450, 2010-Ohio-2130, and *State v. Nunez*, 2d Dist. Montgomery No. 21495, 2007-Ohio-1054.

**{¶ 16}** Because the facts of record clearly demonstrate that Carter was not entitled to additional jail time credit, the trial court did not abuse its discretion in failing to hold a separate hearing on the issue after Carter objected. We overrule the third assignment of error.

**{¶ 17}** We have overruled all three of Carter's assignments of error and affirm the trial court judgment.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
J. Allen Wilmes
Hon. Barbara P. Gorman