[Cite as *State v. Spears*, 2014-Ohio-146.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

RAVON M. SPEARS

     Defendant-Appellant

Appellate Case No.    25645

Trial Court Case No.   2012-CR-3529

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of January, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting
Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts
Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CHARLES L. GROVE, Atty. Reg. No. 0029144, Assistant Public Defender, Law Office of the Public
Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-Appellant, Ravon Spears, appeals from his conviction and sentence on a charge of Burglary, a felony of the second degree.   Following a guilty plea to the charge, the trial court imposed a three-year term of imprisonment and credited Spears for 29 days of jail time credit.

{¶ 2}   Spears contends that the trial court erred in failing to credit him with an additional 28 days of jail time credit, during which he served time for an unrelated misdemeanor offense.   We conclude that the trial court did not err in failing to allow the requested jail time credit.   Jail time credit is not permitted under R.C. 2967.191 where the defendant was serving time for a separate offense.

I.   Facts and Course of Proceedings

{¶ 3}   Spears was arrested on November 28, 2012, for trespass in an occupied structure (Burglary) and Arson.   A complaint was filed in Dayton Municipal Court the following day, charging him with these offenses.   Spears was then indicted for Burglary and Arson by the Montgomery County Grand Jury on December 21, 2012, and the case was transferred to the Montgomery County Common Pleas Court.

{¶ 4}   After initially pleading not guilty, Spears pled guilty to Burglary on January 9, 2013, and the Arson charge was dismissed. At the sentencing hearing, the trial court sentenced Spears to three years in prison, and credited him with 29 days of jail time credit.   Spears asked the court to also award jail time credit for 28 days that he had served between December 12, 2012

and January 9, 2013 on an unrelated misdemeanor charge in Dayton Municipal Court No. 2012-CRB-9636. This sentence was served during the time that Spears was being held in jail on $25,000 bond for the Burglary and Arson charges.

{¶ 5} Although the trial court said that it agreed with Spears' position that he should receive the additional credit, the court stated that it was bound by prior case law, which indicated that no credit should be allowed for the time served on the Municipal Court charge. The trial court filed a termination entry on January 24, 2013, reflecting the three-year sentence and the 29 days of jail time credit. Spears appeals from his conviction and sentence.

## II. Did the Trial Court Err in Awarding Jail-Time Credit?

{¶ 6} Spears' sole assignment of error is as follows:

The Defendant Was Not Awarded Sufficient Jail Time Credit as a Matter of Law.

{¶ 7} Under this assignment of error, Spears contends that R.C. 2967.191 is unambiguous and requires that he be given credit against his felony sentence for time that he was held "for any reason" in the felony case – irrespective of an unrelated misdemeanor case on which he happened to be sentenced during the time that he was in jail awaiting trial on the felony charge. According to Spears, defendants who are given a misdemeanor sentence before being transported for a felony prison term, or who are brought back while in prison and are sentenced for a misdemeanor, are entitled to serve concurrent time for the misdemeanor pursuant to R.C. 2929.41(A). Spears alleges that this difference in treatment is unfairly inconsistent with regard to similarly situated people.

{¶ 8}    "Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual confinement *on that charge*."    (Emphasis added).  *State v. Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5.    (Other citations omitted.)    In *Angi*, we noted that "[t]his requirement enforces the Fourteenth Amendment's right to equal protection of the law."  *Id.*, citing *Coyle* at ¶ 5 (Other citation omitted.)

{¶ 9}    We further observed in *Angi* that "R.C. 2967.191 implements the equal protection right with respect to credit for prior incarceration * * *."  *Id.* at ¶ 8.  In this regard, R.C. 2967.191 provides, in pertinent part, that:

>    The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility.

{¶ 10}  On numerous prior occasions, we have addressed and rejected the contentions

being made by Spears. Recently, in *State v. Dewey*, 2d Dist. Montgomery No. 25515, 2013-Ohio-2118, we stated that:

> We have previously addressed whether a defendant who is held in jail in lieu of bond on a new and separate charge is entitled to jail time credit, even if he was also being held in jail on a totally unrelated matter during that same time. *See, e.g.*, *Angi*, 2d Dist. Greene No.2011 CA 72, 2012-Ohio-3840; [*State v.*] *Flemings*, [2d Dist. Montgomery No. 24615, 2011-Ohio-4286,] supra; *State v. Rios*, 2d Dist. Clark No. 10 CA 59, 2011-Ohio-4720. We have consistently held that jail time credit is not appropriate where the defendant was serving time for a separate offense. Other courts have also held that a defendant cannot receive jail time credit when he serves time for unrelated offenses while in jail awaiting trial on separate charges. *See, e.g., State v. Logan*, 71 Ohio App.3d 292, 300, 593 N.E.2d 395 (10th Dist.1991); *State v. Harper*, 6th Dist. Sandusky No. S-10-005, 2010-Ohio-6518, ¶ 13; *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 22-23. *Dewey* at ¶ 13.

{¶ 11} After *Dewey* was decided, we have continued to maintain this position. See *State v. Ayers*, 2d Dist. No. 25489, 2013-Ohio-4234, ¶ 13-14, and *State v. Carter*, 2d Dist. No. 25640, 2013-Ohio-5163, ¶ 6-7.

{¶ 12} In arguing that we should change our established interpretation of R.C. 2967.191, Spears relies on R.C. 2929.41(A), which requires that misdemeanor sentences are to be served concurrently with other sentences. In this regard, R.C. 2929.41(A) states that:

> Except as provided in division (B) of this section, division (C) of section

2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶ 13} R.C. 2929.41(A) does not mandate a different result in the circumstances that are before us. As an initial matter, the first sentence of this subsection requires (with certain exceptions not applicable here), that prison terms imposed by Ohio courts will be served concurrently with each other and with sentences imposed by other states or federal courts. The second sentence of the subsection (again with exceptions not applicable here), requires that jail terms for misdemeanors be served concurrently with prison terms for felonies served in a state or federal prison. However, at the time Spears was sentenced to a jail term for the misdemeanor, he was not yet serving a prison term for the felony. He had yet to be convicted and sentenced.

{¶ 14} Furthermore, the existence of R.C. 2929.41(A) in its current form does not require a change in the position we have expressed in prior cases. Both R.C. 2967.191 and R.C. 2929.41 have been amended on numerous occasions. Although the position we have taken has been in existence, and has been consistent among Ohio courts for many years, the legislature has not altered either R.C. 2967.191 and R.C. 2929.41 in a manner that indicates an intent to adopt the position taken by Spears. "A reenactment of legislation, without modification after judicial interpretation, is a further indication of implied legislative approval of such interpretation."

*Seeley v. Expert, Inc.*, 26 Ohio St.2d 61, 73, 269 N.E.2d 121(1971).   If the legislature chooses to alter the relevant statutes, then our position on the matter would change accordingly.   However, that has not occurred to date.

{¶ 15}   Accordingly, Spears' sole assignment of error is without merit and is overruled.


III.   Conclusion

{¶ 16}   Spears' sole assignment of error having been overruled, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Charles L. Grove
Hon. Barbara P. Gorman